[Crim. No. 4531. In Bank. Aug. 14, 1945.]

In re FREDERICK JOHN BYRNES, on Habeas Corpus.

Rosalie S. Asher for Petitioner.

Robert W. Kenny, Attorney General, and Frank Richards and David K. Lener, Deputies Attorney General, for Respondent.

EDMONDS, J.—In a petition for a writ of habeas corpus, Frederick John Byrnes, now an inmate of the state prison at Folsom, asserted that after his trial and conviction upon two separate indictments, he was unable to perfect his appeal from each of the judgments because, in one case, the transcript of the proceedings was not furnished to him, and, in the other case, the transcript was wrongfully taken from him by prison officials. The writ issued and as the attorney general, by answer and stipulation, has admitted the truth of the essential facts related in the petition, the question for decision concerns the status of Byrnes under these circumstances.

Byrnes is now under sentences imposed upon him in 1932 by the Superior Court of Los Angeles County following two trials. He was first convicted of three offenses separately charged in the indictment. (Case No. 48763.) A month later he was tried and convicted upon a second indictment which charged him with the commission of four other crimes. (Case No. 48765.) By its judgments, the court ordered that the sentences for these seven offenses, which include kidnapping, rape and a violation of section 288 of the Penal Code, should run consecutively.

In the first trial, Byrnes was represented by counsel appointed by the court to defend him. His counsel noticed an appeal within the required time, obtained an order for the preparation of a transcript and then withdrew from the case. No transcript was completed in the form required for an appeal, but a copy of the testimony, in several parts as written

up each day by the stenographic reporter, is now on file in the office of the District Attorney of Los Angeles County. Following his conviction in the second trial, Byrnes gave timely notice of appeal, but his request for a transcript was denied upon the ground that he had each day been furnished with a record of the proceedings. However, upon the statement of Byrnes that some portions of the testimony which he had received during the trial were lost or had been stolen from him, at the request of the trial judge, the district attorney agreed to lend Byrnes copies of the missing volumes. The records of the district attorney's office show that there were 14 volumes of this transcript; all of them were taken from the office on August 26, 1932, and there is no information obtainable as to their present whereabouts.

Byrnes was granted a stay of execution upon each of the sentences in order that he might, before leaving the county jail, prepare his appeals. The officer then acting as chief jailor has a "faint recollection" of the petitioner reading a transcript. Other persons in the cell block were found reading this transcript, which included testimony of an obscene character. The jailor does not remember distinctly whether he had the transcript removed from the petitioner's cell or whether Byrnes made any demand for it when he left the county jail to be taken to the state prison. Upon various occasions while he was in the county jail, due to fighting and refusal to cooperate with the officers, he was removed from the cell block to the dungeon. Books and papers taken from a cell after a prisoner is removed from it are kept for a time and then destroyed. The jailor does not know where the transcript is; it may have been destroyed. In January, 1944, a search was made among old records and elsewhere but the transcript was not found.

It is urged on behalf of the petitioner that a writ of habeas corpus should be granted or an order made requiring the appeals from the judgments of conviction to be heard and determined. Necessarily, in this connection counsel argue that the petitioner's right to relief is not barred by reason of laches. More specifically, the position of the petitioner is that as the recent tendency has been to enlarge the relief obtainable upon the writ of habeas corpus beyond a consideration merely of jurisdictional questions, the prevention by state representatives of an exercise of the right of appeal constitutes a denial of due process of law and affords grounds

for release from custody. Although it is conceded that, as the petitioner has served his full term for the offenses of which he was convicted in the first trial, he cannot obtain relief as to them so far as imprisonment is concerned, the question presented is not moot and he is entitled to an appeal from the judgments in that case for the purpose of clearing his name. The attorney general does not challenge the petitioner's right to prosecute the two appeals which, it is admitted, are now pending; the state's only contention is that, under the facts stated by the petitioner, he is not entitled to be released from imprisonment.

It is well settled that a writ of habeas corpus ordinarily may not be employed as a substitute for an appeal (*In re Bell*, 19 Cal.2d 488, 492 [122 P.2d 22]), yet the scope of inquiry in such proceedings has been broadened rather than narrowed (*Johnson* v. *Zerbst*, 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461]), and the writ may be used to present questions of law that cannot otherwise be reviewed or are so important as to justify an extraordinary remedy (*In re Bell, supra,* p. 494; *In re Silverstein*, 52 Cal.App.2d 725 [126 P.2d 962]). And although circumstances such as those shown in the present proceedings have not before been presented to the appellate courts of this state, in the federal courts the writ of habeas corpus has been used for the purpose of obtaining a determination of the rights of one imprisoned under a judgment which, it is asserted, has not become final because public officers prevented the presentation of an appeal.

The most recent of these decisions is *Boykin* v. *Huff*, 121 F.2d 865, in which the petitioner alleged that he had been deprived unconstitutionally of an appeal. It was there held that the statutory right of appeal is not an insubstantial one, nor a matter of such small consequence that it may be given or withheld arbitrarily. And as the rulings of the trial judge in that case prevented the petitioner from perfecting an appeal, the court ordered that he should be allowed to proceed with the presentation of the record on appeal some three years after the judgment of conviction was entered. Likewise, in *Tinkoff* v. *Zerbst*, 80 F.2d 464, although the court refused to order the petitioner's discharge from custody because of the wrongful execution of his sentence during the time he was preparing an appeal, it afforded him an opportunity to complete the record upon which he relied for a reversal of the judgment of conviction rendered against him. (See, also,

*Briggs* v. *White,* 32 F.2d 108.) The conclusions reached in these cases rest upon fundamental principles of justice which compel a determination that one who has been prevented by officers of the state from presenting the record upon which his appeal, regularly taken, can be heard, should have an opportunity to do so.

By the timely notices of appeal from the judgments of conviction under which Byrnes is now in custody, the District Court of Appeal acquired jurisdiction over the two actions, and as in the federal courts, lack of a record on appeal does not affect its jurisdiction. (*People* v. *Megugorac,* 12 Cal.2d 208 [82 P.2d 1108]; *People* v. *Sonoqui,* 1 Cal.2d 364 [35 P.2d 123]; *In re Johannes,* 213 Cal. 125 [1 P.2d 984]; *People* v. *Bryant,* 207 Cal. 450 [278 P. 1025].) At the time these notices were given, an appellant who had not perfected his appeal within the specified time was required to apply to the trial court for relief from default, and the determination as to whether he had used due diligence rested very largely upon the exercise of judicial discretion. (*Hohnemann* v. *Pacific Gas & Electric Co.,* 31 Cal.App.2d 692 [88 P.2d 748]; *Wood* v. *Peterson Farms Co.,* 131 Cal.App. 312 [21 P.2d 468].) Accordingly, as it appears from the record that a reporter's transcript is available for the purpose of preparing a record in case No. 48763 and there is nothing to indicate that a reporter's transcript in case No. 48765 may not be prepared from the phonographic reporter's notes, the Superior Court of Los Angeles County is directed to hear any motion or motions made within 90 days after the date of the filing of this opinion for the purpose of securing relief from default in the presentation of the record upon appeal in either or both of the actions referred to. For although Byrnes served the full terms of imprisonment imposed under the judgments of conviction in the first action, that fact does not bar his right to an appeal from such judgments for the purpose of clearing his name (See, *People* v. *Chamness,* 109 Cal.App.Supp. 778 [288 P.20]; *In re Lincoln,* 102 Cal.App. 733 [283 P. 965]; 18 A.L.R. 867, 872) in the event that the trial court relieves him from default in the presentation of the record.

The writ of habeas corpus is discharged and the petitioner remanded to custody.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Schauer, J., concurred.