[Crim. No. 7735.    Second Dist., Div. Three.    June 21, 1961.]

In re RUDY SALOMONS on Habeas Corpus.

Burton Marks for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney, for Respondent.

NOURSE, J. pro tem.*—In this proceeding in habeas corpus petitioner seeks discharge from custody upon the grounds that his plea of guilty upon which he was sentenced was not voluntarily made but was secured from him by representations made to him by the investigating and arresting officers (the special investigators for the Board of Medical Examiners) that if he would plead guilty to one of the seven counts of the complaint no jail sentence would be imposed upon him.

*Assigned by Chairman of Judicial Council.

Petitioner was charged in seven counts with violations of certain sections of the Health and Safety Code and the Business and Professions Code. Upon being arraigned he pleaded not guilty and upon the cause being called for trial he, with leave of the court, withdrew his plea of not guilty and pleaded guilty to count IV of the complaint, a violation of section 2141 of the Business and Professions Code, and upon motion of the prosecution the remaining counts of the complaint were dismissed. He made an application for probation and thereafter proceedings were suspended and defendant placed on probation. Among the terms of the probation were that he serve 30 days in the city jail and pay a fine of $500. The fine was paid and thereafter petitioner moved the court to vacate his plea of guilty and to enter a plea of not guilty.[1] Petitioner then appealed to the appellate department of the superior court from the judgment and from the order denying his motion. That court dismissed the appeal from the judgment on the grounds that the order placing petitioner on probation was not an appealable order and affirmed the order denying the motion to vacate the plea of guilty. Petitioner then petitioned the Supreme Court of the United States for writ of certiorari which was denied. (*Salomons* v. *California,* 363 U.S. 844 [80 S.Ct. 1613, 4 L.Ed.2d 1727].) Petitioner then petitioned the appellate department of the superior court for writ of error *coram nobis* and that court refused to issue the writ. From that order he appealed to this court and that appeal was dismissed. (*People* v. *Salomons,* 189 A.C.A. No. 4, p. 4 of minutes and a hearing denied by the Supreme Court 55 A.C. No. 22, p. 3 of minutes.)

The facts upon which petitioner relied in his motion to vacate his plea and the order placing him on probation were not apparent on the face of the record but were facts, which if established as true, would have prevented rendition of the judgment and were facts which through no negligence or default of defendant were not known to the court at the time it acted. Petitioner's remedy was therefore that which he pursued, a motion, in the nature of a petition for a writ of *coram nobis,* to vacate the judgment and an appeal from

---

[1]This motion was based upon the declaration of petitioner and the declarations of one Hite as to statements made to him by the investigating officers and no counteraffidavits or declarations were filed. There is filed in support of petition here declarations of petitioner and said Hite but the statements therein are directly controverted by the declarations of each of the investigating officers who are quoted in the declarations filed in support of the petition.

a denial of that motion in the appellate department of the superior court. (*People* v. *Adamson,* 34 Cal.2d 320 at 326-327 [210 P.2d 13]; *People* v. *Gilbert,* 25 Cal.2d 422 at 442-443 [154 P.2d 657].)

The writ of habeas corpus may not ordinarily be used as a substitute for an appeal or to retry issues of fact. (*In re Byrnes,* 26 Cal.2d 824 at 827 [161 P.2d 376]; *In re Connor,* 16 Cal.2d 701 at 705 [108 P.2d 10].) By the petition here it is sought to review the orders of the municipal court and of the appellate department of the superior court and to retry the issues of fact which were before those tribunals. This cannot be done or there would be no end to the litigation.

The writ is discharged and the petitioner remanded to custody.

Shinn, P. J., and Ford, J., concurred.

Petitioner's application for a rehearing was denied July 20, 1961, and his application for a hearing by the Supreme Court was denied August 16, 1961.