[No. B152019. Second Dist., Div. Three. Aug. 22, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
JANET DELONG, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2. and 3. of the Discussion.

**COUNSEL**

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Linda C. Johnson, and Marc J. Nolan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## CROSKEY, J.—

### INTRODUCTION

In the case of *In re DeLong* (2001) 93 Cal.App.4th 562 [113 Cal.Rptr.2d 385], we addressed the threshold issue of when Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, and Penal Code section 1210.1, subdivision (a),[1] enacted thereunder, first applied in a criminal proceeding.[2] Today, in the published portion of this opinion, we return to Proposition 36 and, in another case of first impression, we decide an issue at the opposite end of the timeline of issues presented in Proposition 36 proceedings. Janet DeLong has appealed from the judgment (order granting probation) entered following her conviction by jury of possession of cocaine (Health & Saf. Code, § 11350, subd. (a)). She was placed on probation for three years.

We hold here that although the appellant Janet DeLong's conviction for possession was set aside pursuant to Proposition 36, because she successfully completed the prescribed drug treatment program and fulfilled her probation conditions, her appeal was not thereby rendered moot. That is so because she is entitled to an opportunity to clear her name and rid herself of the stigma of criminality. In addition, the conviction still exists for some purposes and has certain prejudicial collateral consequences in spite of the fulfillment of her probation conditions. Moreover, a conclusion that the present appeal is moot would disserve Proposition 36 by penalizing defendants who completed their drug programs while rewarding defendants who did not, since only the latter could maintain such appeals.

In the unpublished portion of this opinion, we reject DeLong's contention that the trial court erroneously denied her second *Wheeler*[3] motion, and reject her contention that the trial court erroneously excluded, under Evidence Code section 352, certain hearsay statements allegedly admissible as declarations against interest.

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

[2] There, we held that a defendant is not "convicted" of a nonviolent drug possession offense within the meaning of section 1210.1, subdivision (a), until the defendant has been adjudged guilty of such an offense *and* judgment has been pronounced thereon. Therefore, we concluded that, in proceedings in which the defendant was adjudged guilty before, but judgment was pronounced after, the effective date of Proposition 36, the trial court erroneously ruled that Proposition 36 was inapplicable because of the circumstance that the defendant was adjudged guilty before the effective date of the proposition. Accordingly, we held that the trial court violated Proposition 36 by imposing incarceration on the defendant as a condition of probation. (*In re DeLong, supra,* 93 Cal.App.4th at pp. 566-571.)

[3] *People v. Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748].

## FACTUAL SUMMARY

Viewed in accordance with the usual rules on appeal (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103]), the evidence established that on August 10, 2000, police arrested DeLong after they discovered .88 grams of a usable amount of cocaine in her purse in Culver City. At the time, DeLong appeared to be under the influence of a central nervous stimulant such as cocaine.

In defense, DeLong claimed that, on the above date, she went with Joel Burg to his hotel room. Two other persons were present. Burg gave her drinks and she eventually passed out on a bed. She awoke to see the two persons kissing, and the two moved to the same bed and continued kissing. Burg began touching DeLong's hair. DeLong entered a bathroom and locked its door. Burg attempted to persuade DeLong to stay but was unsuccessful and called her a bitch. DeLong left, but her purse lay unattended at various times before she left. DeLong later directed the officers who arrested her to Burg's room, where officers discovered narcotics. On September 8, 2000, DeLong's husband accused Burg of planting something on DeLong as a "sick joke." Burg replied, "You can't prove it—so what if I did it. You can't prove it."

In rebuttal, a detective testified that, after DeLong's arrest, he asked her if the drugs in her purse were for sale or personal use. DeLong replied they were for personal use and she did not often use drugs.

## CONTENTIONS

DeLong urges that two prejudicial errors justifying reversal were committed by the trial court when it (1) denied her renewed *Wheeler* motion and (2) excluded, pursuant to Evidence Code section 352, defense evidence of a third party's declarations against penal interest. The People dispute these contentions and argue that, in any event, "[t]he appeal should be dismissed as moot." We address this predicate issue first.

## DISCUSSION

1.  *The Present Appeal Should Not Be Dismissed as Moot.*

The following facts are undisputed. An information filed in November 2000, alleged that, in August 2000, DeLong possessed cocaine in violation of Health and Safety Code section 11350, subdivision (a). On May 18, 2001, DeLong was convicted by jury of that charge. On July 1, 2001, Proposition

36, the Substance Abuse and Crime Prevention Act of 2000, and section 1210.1, enacted as part of that proposition, took effect. On July 12, 2001, the sentencing court pronounced judgment, suspending imposition of sentence and ordering DeLong placed on formal probation. The court also, over DeLong's objection that Proposition 36 applied in the present case and precluded an incarceration order, ordered that, as a condition of probation, DeLong be incarcerated in local custody for 150 days.

On July 19, 2001, DeLong filed a petition for a writ of habeas corpus directing the lower court to impose probation, but without incarceration, pursuant to Proposition 36. On October 31, 2001, in the case of *In re DeLong, supra*, 93 Cal.App.4th 562 (hereafter, *DeLong*), we granted the petition.[4]

On February 6, 2002, pursuant to our writ, the trial court ordered that DeLong's probation be modified and that she be placed on "formal Proposition 36 probation[.]" (Some capitalization omitted.) All other orders were ordered to remain in effect.[5] At some point prior to March 21, 2002, DeLong successfully completed a Proposition 36 drug program (discussed *infra*), therefore, on March 21, 2002, the lower court, pursuant to Proposition 36, set aside DeLong's conviction and dismissed the information.

The People argue, "[b]y operation of law, i.e., Proposition 36, there is now no underlying conviction to appeal, or for this Court to affirm or reverse, or for the People to re-try upon reversal. By completing her drug treatment program, this would-be appellant has 'served' her 'sentence' and then, unlike most persons convicted of crimes, had her conviction set aside. The appeal should therefore be dismissed."

█ It is settled that "[a]n action that involves only abstract or academic questions of law cannot be maintained. [Citation.]" (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 642, p. 669.) Moreover, " '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 642, p. 669.)" (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404 [106 Cal.Rptr.2d 926].)

The issue of whether events which occur during the pendency of an appeal of a criminal conviction can render the appeal moot is not a novel one. An

---

[4] See footnote 2, *ante.*

[5] Except to the extent the People claim the present appeal is moot, there is no dispute that we have appellate jurisdiction in this case.

enlightening annotation canvassing American jurisprudence pertinent to the issue provides perspective. (Annot., When Criminal Case Becomes Moot So As to Preclude Review of or Attack on Conviction or Sentence (1966) 9 A.L.R.3d 462.) That annotation reveals, "The law as to when a criminal case is moot so as to preclude review of or attack on a conviction or sentence is now unsettled, with a noticeable tendency in the more recent cases to relax rules against the review of judgments in criminal cases, in certain circumstances. The area of greatest disagreement is that in which the accused has satisfied his sentence, as by serving a prison term or paying a fine. In this area, three general rules have emerged: [¶] (1) The traditional rule that the satisfaction of the sentence renders the case moot so as to preclude review of or attack on the conviction or sentence. [¶] (2) The liberal view that an accused's interest in *clearing his name* permits review of or attack on the conviction or sentence even after the sentence has been satisfied. [¶] (3) The federal rule that the satisfaction of a sentence renders the case moot so as to preclude review of or attack on the conviction or sentence unless, as a result of the conviction or sentence, the accused suffers *collateral legal disabilities* apart from the sentence, in which event the accused is held to have a sufficient stake in the conviction or sentence to permit him to obtain review of, or maintain a challenge to, the conviction or sentence." (Annot., *supra,* 9 A.L.R.3d at pp. 466-467, italics added, fns. omitted.)

California appears to subscribe to the so-called liberal view, although at least one California case suggests that a mootness inquiry may also include consideration of whether prejudicial consequences or disadvantageous collateral consequences can be ameliorated by a successful appeal. In the case of *In re Byrnes* (1945) 26 Cal.2d 824 [161 P.2d 376], in pertinent part, the defendant was tried and convicted in two successive cases. The cases were sentenced consecutively and he appealed both. He later filed a petition for a writ of habeas corpus claiming he did not have the trial transcripts he needed to perfect his appeals. The defendant requested that the petition be granted or that an order be made requiring the appeals to be heard and determined. The petition was answered but, by the time the appellate court considered its merits, the defendant had served his term of imprisonment for the convictions resulting from the first trial. (*In re Byrnes, supra,* 26 Cal.2d at p. 825.)

Nonetheless, that fact did not render the petition moot. "Although it is conceded that, as the petitioner has served his full term for the offenses of which he was convicted in the first trial, he cannot obtain relief as to them so far as imprisonment is concerned, the question presented is not moot and he

is entitled to an appeal from the judgments in that case *for the purpose of clearing his name.*" (*In re Byrnes, supra*, 26 Cal.2d at p. 827, italics added.)[6]

*In re Dana J.* (1972) 26 Cal.App.3d 768 [103 Cal.Rptr. 21] (hereafter *Dana J.*), is also pertinent. There, a petition alleged a minor came within Welfare and Institutions Code section 602 because he possessed narcotics. At trial, a referee acquitted the defendant of that charge but, noting the defendant needed probation, and over defendant's objection, amended the petition to add a charge of loitering and convicted him of that charge. (*Dana J., supra*, 26 Cal.App.3d at p. 769.) The conviction raised the issue of whether the defendant had been denied a reasonable opportunity to defend against the loitering charge. (*Id.* at p. 771.) Without adjudging or declaring the defendant to be a ward of the court, the court placed the defendant on probation for six months. (*Id.* at p. 770.)

The defendant filed an appeal but, during its pendency, and after the expiration of the six-month probationary period, a superior court judge ordered the case dismissed. (*Dana J., supra*, 26 Cal.App.3d at pp. 769-770.) As a result, the People moved to dismiss the appeal as moot. (*Id.* at p. 771.)

The appellate court in *Dana J.* wrote, "We do not believe that the appeal should be dismissed. In the case before us, appellant *was found to have violated a law and was ordered to serve six months on probation.* . . . It

---

[6]See also *People v. Succop* (1967) 67 Cal.2d 785 [63 Cal.Rptr. 569, 433 P.2d 473] (hereafter *Succop*), where the Supreme Court relied on *Byrnes* in a case involving mentally disordered sex offender (MDSO) proceedings. In *Succop*, after the defendant was convicted of indecent exposure, but before he was sentenced, the court adjudged the defendant a probable MDSO and ordered him temporarily committed to a state hospital for observation. (*Succop, supra*, 67 Cal.2d at p. 788.) The hospital later rejected the defendant on the ground that he was an MDSO who was not amenable to treatment, and he was returned to court for further proceedings. The court then denied the defendant probation and sentenced him to prison. (*Id.* at pp. 788-789.)

The defendant appealed the judgment of conviction (*Succop, supra*, 67 Cal.2d at p. 787) and, on appeal, an issue was raised concerning the lawfulness of the temporary commitment order. The Supreme Court concluded the trial court had violated several provisions of the statute governing proceedings pertaining to MDSO commitments, as well as the defendant's right to due process. (*Id.* at p. 789.)

The Attorney General claimed the issue was moot because the defendant had been returned to court and, therefore, was no longer confined in the hospital. The Supreme Court rejected the claim, noting that if the defendant had not been erroneously denied certain statutory rights pertaining to MDSO proceedings, the court might have found that the defendant was not a probable MDSO, and such a finding would have been relevant to the issues of whether probation should have been granted and, if defendant were imprisoned, whether parole later should have been granted. (*Succop, supra*, 67 Cal.2d at pp. 789-790.) The Supreme Court then stated, "Furthermore, *defendant is entitled to the opportunity to clear his name* of the adjudication that he is a probable mentally disordered sex offender. [Citations.]" (*Succop, supra*, 67 Cal.2d at p. 790, italics added.)

is, . . . '[t]he purpose of [juvenile court law] to secure for each minor under the jurisdiction of the juvenile court such care and guidance . . . as will serve the . . . welfare of the minor and the best interests of the State; . . . This [law] shall be liberally construed to carry out these purposes.' [Citation.] '[T]he rights of the minor remain paramount in view of the serious consequences attending delinquency proceedings.' [Citation.] The juvenile's right of appeal, . . . affords the juvenile the opportunity to rid himself of *'the stigma of criminality'* (*T.N.G.* v. *Superior Court*, 4 Cal.3d 767, 775 [94 Cal.Rptr. 813, 484 P.2d 981]) and to *'clear his name'* of a criminal charge [citation]. To deny the juvenile this opportunity would serve neither the interests of the juvenile nor the interests of the state, and the fact that the juvenile suffered a noncustodial disposition (probation) rather than a custodial disposition (wardship), *is of no more moment to the consideration of a juvenile appeal than it is to the consideration of an adult appeal.* [Citation.] *'[T]he matter of a besmirched name remains'* [citation], and the appeal is not moot. (See *In re Richard D.*, 23 Cal.App.3d 592, 594-595 [100 Cal.Rptr. 351])" (*Dana J., supra,* 26 Cal.App.3d at p. 771, italics added.)

*People v. Lindsey* (1971) 20 Cal.App.3d 742 [97 Cal.Rptr. 872] (hereafter *Lindsey*), provides a helpful contrast as to when a criminal appeal should be dismissed as moot. In *Lindsey*, a trial court determined after a hearing that a criminal defendant was insane and ordered him committed to a state hospital; the defendant appealed that order. Later, the defendant was certified as sane and criminal proceedings resumed. (*Lindsey, supra,* 20 Cal.App.3d at p. 743.)

*Lindsey* observed, "The [May 1971] order of commitment . . . is an appealable judgment. [Citation.] Since a person committed under Penal Code section 1370 must be held until he becomes sane, such a commitment may result in a permanent deprivation of liberty. In this case the superintendent's certification of sanity terminates the commitment, *leaving no prejudicial consequences* which could be ameliorated by a successful appeal. This appeal has therefore become moot and must be dismissed." (*Lindsey, supra,* 20 Cal.App.3d at pp. 743-744, italics added.) *Lindsey* later observed, "[t]he certificate of [sanity] . . . attests that defendant is no longer under . . . a [mental] disability. *The law imposes no disadvantageous collateral consequences* upon one whose trial has had to be postponed by reason of such a temporary disability." (*Id.* at p. 744, italics added.)

Applying the above discussion to the present case, we note that in *DeLong*, we observed, "Proposition 36, which was approved by the voters at the November 7, 2000 General Election, effected a change in the sentencing law so that a defendant convicted of a nonviolent drug possession offense is

generally sentenced to probation, instead of state prison or county jail, with the condition of completion of a drug treatment program. The declared purpose of Proposition 36 is to 'divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses.' (Prop. 36, § 3.)" (*DeLong, supra,* 93 Cal.App.4th at p. 566.)

Section 1210.1, subdivision (d), provides for the "[d]ismissal of charges upon successful completion of drug treatment"[7] and discusses, inter alia, the circumstances in which, as a result of said completion, a conviction for a nonviolent drug possession offense may be "deemed not to have occurred" and a defendant may be released from the disabilities of such a conviction. Under subdivision (d), however, a conviction for a nonviolent drug possession offense is "deemed not to have occurred" for some purposes *but not others*, and a defendant is released from some *but not all* disabilities resulting from the conviction.

Pursuant to section 1210.1, subdivision (d)(1), as pertinent here, if a defendant petitions the sentencing court for dismissal of the charges, and the court finds that the defendant successfully completed drug treatment and substantially complied with probation conditions, the conviction on which

---

[7]Section 1210.1, subdivision (d), provides, "(1) At any time after completion of drug treatment, a defendant may petition the sentencing court for dismissal of the charges. If the court finds that the defendant successfully completed drug treatment, and substantially complied with the conditions of probation, the conviction on which the probation was based shall be set aside and the court shall dismiss the indictment, complaint, or information against the defendant. In addition, except as provided in paragraphs (2) and (3), both the arrest and the conviction shall be deemed never to have occurred. Except as provided in paragraph (2) or (3), the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted. [¶] (2) Dismissal of an indictment, complaint, or information pursuant to paragraph (1) does not permit a person to own, possess, or have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Section 12021. [¶] (3) Except as provided below, after an indictment, complaint, or information is dismissed pursuant to paragraph (1), the defendant may indicate in response to any question concerning his or her prior criminal record that he or she was not arrested or convicted for the offense. Except as provided below, a record pertaining to an arrest or conviction resulting in successful completion of a drug treatment program under this section may not, without the defendant's consent, be used in any way that could result in the denial of any employment, benefit, license, or certificate. [¶] Regardless of his or her successful completion of drug treatment, the arrest and conviction on which the probation was based may be recorded by the Department of Justice and disclosed in response to any peace officer application request or any law enforcement inquiry. Dismissal of an information, complaint, or indictment under this section does not relieve a defendant of the obligation to disclose the arrest and conviction in response to any direct question contained in any questionnaire or application for public office, for a position as a peace officer as defined in Section 830, for licensure by any state or local agency, for contracting with the California State Lottery, or for purposes of serving on a jury."

the probation was based "shall be set aside" and the information against the defendant shall be dismissed. In addition, *except as provided in subdivision (d)(2) and (3)*, the conviction "shall be deemed never to have occurred" and the defendant shall be released from "all penalties and disabilities" resulting from the offense of which the defendant was convicted.

Section 1210.1, subdivision (d)(2), provides, in pertinent part, that dismissal of an information pursuant to subdivision (d)(1), does not prevent a person's "conviction under section 12021." We note that a conviction under section 12021, may be based, under section 12021, subdivision (a)(1) or (b), on possession of a firearm by a person who has suffered a *prior felony conviction*.[8] Thus, even if, pursuant to section 1210.1, subdivision (d)(1), a conviction for a nonviolent drug offense has been "set aside" and "deemed never to have occurred," and a defendant has been "released from all penalties and disabilities" resulting from the conviction offense, that fact does not prevent that conviction from later being used as a *prior felony conviction* permitting, under section 1210.1, subdivision (d)(2), a "conviction under section 12021." Moreover, to the extent of that usage, the conviction for the nonviolent drug offense *still exists*.

Section 1210.1, subdivision (d)(3), provides, in pertinent part, that a conviction for a nonviolent drug possession offense *may* be *recorded* by the Department of Justice, *may* be *disclosed* in response to law enforcement inquiry, and *must* be *disclosed* by the defendant in connection with specified matters.[9] Thus, even if, pursuant to section 1210.1, subdivision (d)(1), a conviction for a nonviolent drug offense has been "set aside" and "deemed never to have occurred," and a defendant has been "released from all penalties and disabilities" resulting from the conviction offense, that fact does not exempt the defendant from the application of *the recording and disclosure provisions* of subdivision (d)(3). Moreover, to the extent of that application, the conviction for the nonviolent drug possession offense *still exists*, and the defendant has *not* been released from "all . . . disabilities."

---

[8] Section 12021, subdivision (a)(1), provides, in pertinent part, "Any person who has been *convicted of a felony* under the laws of the United States, of the State of California, or any other state, government, or country, . . . who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony." Section 12021, subdivision (b), provides, "[n]otwithstanding subdivision (a), any person who has been *convicted of a felony* . . . , when that conviction results from certification by the juvenile court for prosecution as an adult in an adult court under Section 707 of the Welfare and Institutions Code, who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony." (Italics added.)

[9] We note in this regard that one of those matters is "licensure by any state or local agency"; the probation report in this case reflects DeLong is employed by the Culver City school system; and it appeared that, at oral argument, the parties conceded she was a teacher.

There is no dispute that DeLong's notice of appeal has invested this court with appellate jurisdiction in this case. Moreover, as discussed above, DeLong's conviction for a nonviolent drug possession offense, to some extent, still exists. To that extent, DeLong continues to suffer a besmirched name and the stigma of criminality. Further, to the extent the conviction continues to exist, DeLong continues to suffer disadvantageous and prejudicial collateral consequences therefrom, that is, the above discussed potential use of the conviction as a prior felony conviction permitting a "conviction under Section 12021" pursuant to section 1210.1, subdivision (d)(2), and the "disabilities" of the recording and disclosure provisions of section 1210.1, subdivision (d)(3). These facts militate against a conclusion that the instant appeal is moot. The fact that DeLong successfully has completed her probationary period and drug treatment program no more compels a contrary conclusion than if she had successfully completed a prison term imposed as a result of the conviction, a consideration which California case law reveals to be irrelevant.

The declared purpose of Proposition 36 is to " 'divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses.' (Prop. 36, § 3.)" (*In re DeLong, supra*, 93 Cal.App.4th at p. 566.) The People's argument that the present appeal is moot would disserve that express legislative declaration. Defendants who successfully completed their programs and fulfilled their probation conditions would have their convictions set aside with the results that the appeals of said defendants would be moot and collateral consequences of convictions would be unavoidable, but convictions of defendants who did not successfully complete their treatment and who fulfilled none of their probation conditions would not be set aside, and such defendants could prosecute their appeals. In light of all of the above, we conclude that DeLong, to the extent discussed above, still stands "convicted" of a nonviolent drug possession offense within the meaning of sections 1210 and 1210.1, subdivision (a), and her appeal is not moot. (Cf. *In re Byrnes, supra*, 26 Cal.2d at pp. 825, 827; *Dana J., supra*, 26 Cal.App.3d at pp. 769-771; see *Succop, supra*, 67 Cal.2d at pp. 788-790; *Lindsey, supra*, 20 Cal.App.3d at pp. 743-745.)[10]

---

[10]Although we are not presented with a situation in which we must reverse the judgment on the merits because of DeLong's other contentions, we reject the People's suggestion that, were we presented with such a situation, the fact DeLong's conviction was set aside would preclude us from reversing the judgment. As discussed previously, the conviction still, to some extent exists. Since DeLong already has completed her treatment program, a reversal of the judgment might have to contain directions precluding the trial court from ordering her to complete such a program again in the event that, following remand, she were again convicted of the present offense. However, there is no need for us to further discuss that issue. ·

2., 3.\*

· · · · · · · · · · · · · · · · · · · · · · ·

DISPOSITION

The judgment (order granting probation) is affirmed.

Klein, P. J., and Aldrich, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 13, 2002. Brown, J., did not participate therein.

---

\*See footnote, *ante*, page 482.