Filed 3/20/23  P. v. Miles CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CALVIN CHRISTOPHER MILES,<br><br>        Defendant and Appellant. | A165122<br><br>(Contra Costa County<br> Super. Ct. No. 02003350832) |

**MEMORANDUM OPINION**[1]

Calvin Christopher Miles appeals from a March 30, 2022 order finding him incompetent to stand trial and committing him to the Department of State Hospitals pursuant to Penal Code[2] section 1370.  While this appeal was pending, Miles was restored to competency.  On August 10, 2022, the trial court found Miles competent and reinstated criminal proceedings.  On August 23, 2022, Miles pleaded no contest to vandalism (§ 594, subd. (a)) and unlawfully causing a fire (§ 452, subd. (c)), both misdemeanors.  The trial court placed him on probation for two years.

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration section 8.1 because it raises no substantial issue of fact or law.

[2] All undesignated statutory references are to the Penal Code.

1

Miles's counsel filed an opening brief raising no issues and seeking independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Counsel asserts that in the event this court concludes *Wende/Anders* review is not applicable, we should follow the procedures set forth in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*). In passing, counsel notes that in light of Miles's restored competency, this appeal may be moot and expresses no opposition to the dismissal of the appeal on that ground.

" ' "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' " (*People v. Delong* (2002) 101 Cal.App.4th 482, 486 (*Delong*).) In the criminal context, review is permitted where the defendant who has completed his or her sentence has an interest in clearing his or her name or where, as a result of the sentence, the law imposes "disadvantageous collateral consequences" on the defendant. (*People v. Lindsey* (1971) 20 Cal.App.3d 742, 744 (*Lindsey*); 6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2022) Criminal Appeal, § 187.)

In *Lindsey*, *supra*, 20 Cal.App.3d 742, the defendant had been found insane within the meaning of a certain penal statute. The court suspended criminal proceedings and committed the defendant to a state hospital for care and treatment. (*Id.* at p. 743.) The defendant appealed the finding of insanity, but, during the pendency of the appeal, he was certified to have become sane and was returned to the court, where the criminal charges were set for trial. (*Ibid.*) The appellate court, holding that the appeal was moot, observed: "The certificate of [sanity] . . . attests that defendant is no longer

2

under . . . a [mental] disability.  The law imposes no disadvantageous collateral consequences upon one whose trial has had to be postponed by reason of such a temporary disability. . . .  If defendant's mental state is considered in future proceedings, the issue will turn upon what that state is found to be as of the relevant time, and not the fact that an order was [previously] made under . . . section 1370.  If any social opprobrium is thought to attach by reason of the commitment, that is nothing which is likely to be relieved by an appellate decision.  The temporary commitment is nothing from which defendant needs to 'clear his name.' " (*Lindsey*, *supra*, 20 Cal.App.3d at pp. 744–745; see *Delong*, *supra*, 101 Cal.App.4th at p. 489.)

Here, the March 30, 2022 finding imposes no disadvantageous collateral consequences on Miles; it caused a temporary delay in the disposition of his criminal case while his competency was being restored. No meaningful relief can be effectuated through a review of the March 2022 incompetency finding and so this appeal is moot.  (*Lindsey*, *supra*, 20 Cal.App.3d at pp. 744–745.)

Accordingly, we dismiss the appeal as moot.[3]

---

[3] By reason of this holding, we need not determine the applicability of *Wende/Anders* or *Ben C.* to this case.

_____
Markman, J.*

We concur:


_____
Stewart, P.J.


_____
Richman, J.

*People v. Miles* (A165122)


    \* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4