Filed 4/16/25  P. v. Hernandez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiffs and Respondents,<br><br>v.<br><br>JUVENAL HERNANDEZ,<br><br>      Defendants and Appellant. | 2d Crim. No. B328163<br>(Super. Ct. No. 2022015660)<br>(Ventura County) |

Juvenal Hernandez challenges his conviction and sentencing for possession of a firearm by a prohibited person in violation of Penal Code section 29800, subdivision (a)(1)[1] (count one), and possession of ammunition by a prohibited person in violation of section 30305, subdivision (a)(1) (count 2).  We will affirm.

---

[1] Further undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was a probationer subject to searches and prohibited from possessing firearms under § 29800, subdivision (a)(1) and ammunition under § 30305, subdivision (a)(1). He became a prohibited person on December 10, 2020. On June 24, 2022, Deputy Sheriff Cameron Simpkins and three probation officers arrived at appellant's home to conduct a search. Appellant did not have prior notice. Deputy Simpkins was the only officer wearing a bodycam, and it was functioning properly. He turned it on when he arrived at the house. A parole officer knocked on the door as Deputy Simpkins observed appellant on his cell phone in the backyard. Deputy Simpkins ordered appellant inside. After two or three minutes, appellant's grandmother answered the door.

The officers asked appellant, his brother, and his grandmother to step outside and wait on the front porch. One parole officer searched appellant's person while the other officers and Deputy Simpkins conducted a protective sweep of the home. Deputy Simpkins's turned his bodycam off while he and two other officers searched the house.

Officers found paperwork relating to appellant's probation in a back bedroom and determined he had "access and control" in that room. While searching the bed area, Deputy Simpkins found a black tote bag under the mattress. Inside was a .22 caliber revolver bearing serial number Z71603, a magazine holder, three magazines, boxes of 9-millimeter and .22 caliber ammunition, gloves, and various firearm parts.

No other officers personally witnessed Deputy Simpkins find the bag. When he found it, he turned his bodycam back on to "depict accurately" where it was found. In the video, Deputy

2

Simpkins is seen picking up the mattress and placing the black bag underneath. The items were seized, booked into evidence, and appellant was arrested.

The Automated Firearm System (AFS) is California's electronic repository for firearm records. It is maintained by the California Department of Justice. Firearms records in AFS are based on entries made by authorized law enforcement agents and firearms dealers and may be subject to human error. If a firearm has been relinquished, reported lost or stolen, or transferred, it will be reported in AFS. If a firearm is confiscated by police, it is entered into evidence as a "crime gun" but there is no paperwork regarding relinquishment.

When a probation officer finds a probationer has not relinquished a firearm, they remind the probationer to relinquish and complete required paperwork. In a probation report, "found to be in possession of . . ." is standard verbiage meaning firearms are found to be registered under the person's name, not necessarily in their physical possession.

A diligent search of AFS revealed a .22 caliber firearm bearing serial number Z71603 was purchased by appellant on August 15, 2019. AFS has no other recorded history for the firearm until it was seized and entered into evidence as a crime gun by Deputy Simpkins on June 24, 2022. Probation reports indicated appellant was found to be in possession of a firearm with serial number Z71603 on three dates in 2021. No paperwork was submitted to show the firearm had been relinquished, reported lost or stolen, or transferred to another owner.

Appellant was charged with possession of a firearm by a felon in violation of section 29800, subdivision (a)(1) (count one),

and possession of ammunition by a felon in violation of section 30305, subdivision (a)(1) (count two). The information alleged he had prior felony convictions in 2020 for violations of § 32 [accessory after the fact]; Vehicle Code, § 2800.2, subdivision (a) [evading the police while reckless driving]), and in 2021 for again violating Vehicle Code, § 2800.2, subdivision (a). A jury found appellant guilty on both counts. Appellant waived arraignment for pronouncement of judgment and sentence and the court imposed concurrent high terms on both counts, for an aggregate term of three years in state prison.

DISCUSSION

*Sufficient evidence supports the conviction*

Appellant contends evidence he possessed a firearm must be rejected as inherently improbable or physically impossible because the prosecution offered "no evidence to explain why the gun would not have been seized at the time of [appellant's] arrest" in 2020. Without citing the record, he claims an August 2, 2021 report showed the firearm was in the possession of the Ventura County Sheriff, implying it is impossible for him to have possessed it in June 2022. His claims are an attempt to reargue evidence.

Our role in determining whether sufficient evidence supports a conviction is limited. We review the entire record in a light most favorable to the prosecution and conclude whether sufficient evidence would lead any rational trier of fact to find appellant guilty beyond a reasonable doubt. (*People v. Smith* (2005) 37 Cal.4th 733, 738-739.) We ""must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]"" (*Id.*, at p. 739) Conflicting evidence or testimony we might reasonably

4

question will not permit us to reverse. (*People v. Hovarter* (2008) 44 Cal.4th 983, 1016.)

Determining whether evidence is trustworthy, a witness is credible, or facts are true or false, lies solely in the trial court or jury's purview. (*People v. Hovarter*, *supra*, 44 Cal.4th at p. 1016.) We will not reject witness testimony believed by a factfinder unless it is physically impossible or its falseness is clear without making any inferences or deductions. (*People v. Mayberry* (1975) 15 Cal.3d 143, 150.) Evidence is inherently improbable when it is "'unbelievable per se . . . ,' such that 'the things testified to would not seem possible.'" (*People v. Ennis* (2010) 190 Cal.App.4th 721, 725.) Evidence is not physically impossible or inherently improbable because it is contradicted or inconsistent. (*People v. Thompson* (2010) 49 Cal.4th 79, 124-125.)

Trial evidence showed a firearm bearing serial number Z71603 was registered to appellant in August 2019. He became a prohibited person on December 10, 2020. A firearm is in a probationer's possession if it is registered to them. Probation reports written in February, July, and August 2021 report the firearm was registered to appellant. No paperwork was submitted to show it had been relinquished, reported lost or stolen, or transferred to another owner. Three probation officers and Deputy Simpkins testified a firearm bearing serial number Z71603 was found during the June 24, 2022 search in a room appellant had access to and control of. AFS has no other recorded history for the firearm until it was seized and entered into evidence as a crime gun by Deputy Simpkins on June 24, 2022.

Viewing this evidence in a light most favorable to the prosecution (*People v. Smith*, *supra*, 37 Cal.4th at p. 739), it is

neither physically impossible nor so apparently false or outlandish for a rational jury to believe the firearm was not seized in 2020, nor relinquished by appellant, and thus remained in his possession to be found in his home during a 2022 parole search. (*People v. Ennis*, *supra*, 190 Cal.App.4th at p. 731; see also *People v. Mayberry*, *supra*, 15 Cal.3d at p. 150.) "We reject [appellant's] attempt to reargue the evidence on appeal and reiterate that 'it is not a proper appellate function to reassess the credibility of the witnesses.'" (*People v. Thompson*, *supra*, 49 Cal.4th at p. 125.)

We conclude substantial evidence supports appellant's conviction. Since a conviction supported by substantial evidence does not violate due process rights under either the state or federal constitution, we need not address his constitutional claims. (*People v. Hovarter*, *supra*, 44 Cal.4th at pp. 1018-1019.)

*Sentencing Under Section 1170*

During oral argument, the parties conceded appellant had been released from custody and both sides raised the issue of mootness for the first time. We requested supplemental briefing regarding whether appellant's release mooted his sentencing claim. After considering that briefing we conclude the claim is moot.

"'[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.'" (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.) Consequently, "'"[w]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it impossible for [the] court, if it should decide the case in favor of [defendant], to grant him any effectual relief whatever, the court will not proceed to a formal

6

judgment, but will dismiss the appeal'" as moot." (*People v. DeLeon* (2017) 3 Cal.5th 640, 645 (*DeLeon*).) Where a defendant has completed a sentence, their claims of error as to that sentence are moot "because a reviewing court's resolution of the issues could offer no relief regarding the time he spent in custody . . . ." (*Ibid*.) An exception to mootness has been recognized where a defendant "continues to suffer a besmirched name and the stigma of criminality." (*People v. Delong* (2002) 101 Cal.App.4th 482, 492.)

A defendant must demonstrate "sufficiently concrete consequences to avoid a finding of mootness." (*DeLeon, supra*, 3 Cal.5th at p. 646, fn. 2.) Speculative consequences do not "support the conclusion that a legally sufficient controversy exists." (*Ibid*.) "[C]omplaining of 'stigma' alone is insufficient to sustain an appeal. The stigma must be paired with some effect on the . . . legal status that is capable of being redressed by a favorable court decision." (*In re D.P.* (2023) 14 Cal.5th 266, 277.)

Even though appellant is now free from custody and supervision, he asserts his claim of sentencing error is not moot because a public stigma of increased criminality remains part of his permanent record due to the improper imposition of an upper term sentence. But he has not provided relevant authority to support this claim, or demonstrated how his completed sentence will result in ongoing adverse collateral consequences such as would prevent his appeal from being moot. "'"[T]he moral stigma of a judgment which no longer affects legal rights does not present a case or controversy for appellate review."'" (*People v. Armas* (2024) 107 Cal.App.5th 350, 357, italics omitted.)

Appellant was released from state prison to postrelease community supervision ("PRCS") on January 23, 2024. PRCS

7

was terminated on January 22, 2025.  This appeal was fully briefed on June 11, 2024, nearly six months after appellant's release from prison and just seven months before PRCS was terminated.  The appeal was argued and submitted on March 13, 2025, two months after PRCS terminated.  Even if we were to remand, and even if the trial court resentenced to a lower term, "resolution of the issues could offer no relief regarding the time he spent in custody . . . ."  (*DeLeon, supra*, 3 Cal.5th at p. 645.)

Not only would a conclusion in his favor have no practical effect or provide him with effective relief (*People v. Rish, supra*, 163 Cal.App.4th at p. 1380), but a low term sentence will not change the fact appellant's criminal convictions remain a permanent part of his record.  Remand and resentencing will not clear his record or remove the stigma of criminality.  The issue is moot and we decline appellant's invitation to consider the merits.

DISPOSITION

The judgment of conviction is affirmed.

NOT TO BE PUBLISHED.


CODY, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

8

Honorable David Worley, Judge
Superior Court County of Ventura

_____

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Melanie Dorian, Deputy Attorney General, for Plaintiff and Respondent.