Filed 10/28/25  State Department of State Hospitals v. D.B. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| STATE DEPARTMENT OF STATE HOSPITALS, | F088542 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CRAD687451) |
| v. | |
| D.B., | **OPINION** |
| Defendant and Appellant. | |

**THE COURT**<sup>*</sup>

APPEAL from an order of the Superior Court of Fresno County.  Amy K. Guerra, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Gregory D. Brown, and Truman S. Braslaw, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>    Before Franson, Acting P. J., Peña, J. and Snauffer, J.

Appellant, D.B., an individual admitted to the State Department of State Hospitals (DSH) at Coalinga (DSH-Coalinga) under the Sexually Violent Predator Act (SVPA) (Welf. & Inst. Code,[1] § 6600 et seq.), appeals the trial court's order authorizing the involuntary treatment of D.B. with antipsychotic medications.  D.B. contends substantial evidence does not support the court's finding he lacked the capacity to make his own medical decisions.  The involuntary medication order, however, expired while this appeal was pending, and we therefore dismiss this appeal as moot.

### FACTUAL AND PROCEDURAL SUMMARY

D.B. was admitted to DSH-Coalinga as a sexually violent predator (SVP)[2] in October 2023.  DSH-Coalinga began administering involuntary antipsychotic medication[3] to D.B. following an in-house panel held on February 12, 2024, and a second in-house panel on February 26, 2024, pursuant to California Code of Regulations, title 9, section 4210.

On June 24, 2024, DSH-Coalinga filed a petition for an order to involuntarily administer antipsychotic medications to D.B. pursuant to *In re Calhoun* (2004) 121 Cal.App.4th 1315 and section 5300.  The petition specified D.B. was diagnosed with unspecified bipolar and related disorder.  His symptoms included auditory and visual hallucinations, paranoid delusions, bizarre behavior, responding to internal stimuli, irritable behavior, aggressive behavior, hyper religiosity, and sexually inappropriate

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

[2]     Under the SVPA (§ 6600 et seq.), a convicted sex offender may be declared an SVP and be civilly committed upon completion of the criminal sentence.  (*People v. Superior Court* (*Troyer*) (2015) 240 Cal.App.4th 654, 657.)  A petition to commit someone as an SVP requires two mental health evaluators to agree "the person in question is an SVP and is likely to engage in acts of sexual violence without appropriate treatment and custody."  (*Ibid*.; see also § 6601, subds. (d)–(i).)

[3]     " 'Antipsychotic medication' means any medication customarily prescribed for the treatment of symptoms of psychoses and other severe mental and emotional disorders." (§ 5008, subd. (*l*).)

2.

behavior. He did not believe he suffered from a mental illness or needed antipsychotic medications.

An evidentiary hearing was held on the petition on August 12, 2024. The trial court bifurcated the issues of D.B.'s capacity and dangerousness and addressed capacity only. D.B.'s treating psychiatrist, Dr. Alisha Smith, testified at the hearing. D.B., who was represented by court-appointed counsel, testified on his own behalf.

At the conclusion of the hearing and after hearing both parties' arguments, the trial court found DSH-Coalinga had proven by clear and convincing evidence that D.B. lacked the capacity to make decisions as to medication. The court signed the order authorizing involuntary treatment of D.B. with antipsychotic medications for a period not to exceed one year. D.B. filed a timely notice of appeal.

## DISCUSSION

### A. *Standard of Review*

A competent adult has a common law and constitutional right to refuse medical treatment, including the administration of antipsychotic drugs. (*In re Qawi* (2004) 32 Cal.4th 1, 14.) Relatedly, "nonprisoners in California have a statutory right to refuse long-term treatment with psychotropic drugs absent a judicial determination that they are incompetent to do so." (*Keyhea v. Rushen* (1986) 178 Cal.App.3d 526, 541.) However, an involuntarily committed patient may be forcibly treated with antipsychotic medication if a trial court has determined he or she is not competent to refuse treatment. (*Qawi*, at pp. 9–10.) Based on *Qawi*, the Court of Appeal in *Calhoun* held that an individual committed under the SVPA can be compelled to take antipsychotic medications in a nonemergency situation only where a court " 'makes one of two findings: (1) that the [SVP] is incompetent or incapable of making decisions about his medical treatment; *or* (2) that the [SVP] is dangerous within the meaning of … section 5300.' " (*In re Calhoun*, *supra*, 121 Cal.App.4th at p. 1322.)

"A judicial determination of competency to refuse treatment involves

3.

consideration of three factors: (1) whether the patient is aware of his situation and acknowledges the existence of his condition; (2) whether the patient understands the benefits and risks of treatment, as well as alternatives to treatment; and (3) whether the patient is able to understand and evaluate the information required to be given to patients whose informed consent is sought and participate in the treatment decision by rational thought processes." (*State Dept. of State Hospitals v. J.W.* (2018) 31 Cal.App.5th 334, 343–344, citing *Riese v. St. Mary's Hospital & Medical Center* (1987) 209 Cal.App.3d 1303, 1322–1323.)

The trial court must determine competency to refuse medical treatment by clear and convincing evidence. (*State Dept. of State Hospitals v. J.W.*, *supra*, 31 Cal.App.5th at p. 343.) An order authorizing involuntary administration of antipsychotic medication is reviewed for substantial evidence. (*People v. Fisher* (2009) 172 Cal.App.4th 1006, 1016.)

B. *Analysis*

Though D.B. filed a timely notice of appeal of the involuntary medication order on August 20, 2024, briefing in this matter was not complete until August 1, 2025. On December 11, 2024, we issued an order denying D.B.'s motion to augment the record because he failed to establish each of the documents was either filed or lodged in the case with the superior court (Cal. Rules of Court, rule 8.155(a)). Our order specified D.B.'s opening brief was due within 30 days. D.B. requested two extensions to file his opening brief, which was ultimately filed on March 13, 2025. The parties stipulated to an extension for DSH-Coalinga to file its respondent's brief. DSH-Coalinga's brief was thus filed on May 14, 2025. We granted D.B.'s two requests for extension to file his reply brief. D.B.'s reply brief was filed on August 1, 2025, and the challenged order expired just 11 days later.

On September 4, 2025, we requested supplemental briefing from D.B. limited to addressing whether his appeal was moot because the involuntary medication order had

4.

expired. D.B. acknowledges in his supplemental letter brief the order expired on August 12, 2025, but argues the issue he raises on appeal qualifies for discretionary relief. He contends the issue is likely to recur but will evade review because the "facts and circumstances" that gave rise to the August 12, 2024 order could be used as evidence in future proceedings. D.B. claims this was shown during the capacity hearing on the pending appeal because the evaluating doctor and the trial court took into consideration his past performance, behaviors, and conclusions from earlier involuntary antipsychotic medication orders. We are not persuaded.

"Our role as an appellate court is to decide actual controversies, and not to opine ' " ' " 'upon moot questions or abstract propositions, or … declare principles or rules of law which cannot affect the matter in issue in the case before it.' " ' " [Citation.] "[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." ' " (*D.K. v. Office of Administrative Hearings* (2024) 101 Cal.App.5th 1206, 1213.) Thus, " ' "[a]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' " (*People v. Delong* (2002) 101 Cal.App.4th 482, 486.) Here, we cannot provide D.B. with effective relief because the challenged order already expired by its own terms.

There are, however, three discretionary exceptions to the rule against adjudicating moot claims: "(1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination." (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479–480.)

D.B. solely challenges the sufficiency of the evidence to support the expired involuntary medication order. A sufficiency of the evidence claim is necessarily a

fact-intensive inquiry. "This argument is grounded in case-specific evidence not likely to recur in the same manner at future proceedings, specifically the treating psychiatrist's testimony of [the petitioner]'s then-current mental state." (*D.K. v. Office of Administrative Hearings*, *supra*, 101 Cal.App.5th at p. 1213.) We reject D.B.'s contention this court should exercise our discretion to address his appeal on the merits because the "facts and circumstances" that gave rise to the expired order could be used as evidence in future proceedings. D.B. makes no argument any of the evidence presented at the hearing was inadmissible or otherwise should have been excluded; instead, he focuses on the substantialness of the evidence to support the trial court's finding he lacks the capacity to refuse treatment. Even if we were to address the merits of D.B.'s appeal, the same evidence could potentially be used in future proceedings if admissible.[4] Moreover, if there are subsequent hearings regarding authorization for involuntary medication orders, any "future proceedings would presumably be based on updated medical reports and testimony." (*Ibid.*) The court must decide any future petition for authorization to involuntarily medicate D.B. based on the evidence presented on that petition, not the evidence supporting any prior order.

D.B. relies upon *K.G. v. Meredith* (2012) 204 Cal.App.4th 164 to support his claim this appeal involves an important issue that is likely to recur but evade review. In that case, the petitioners alleged the public guardian obtained conservatorship orders divesting disabled persons of the right to make medical decisions, including the involuntary administration of antipsychotic medication, without an appropriate judicial determination of personal decisional incapacity. The appellate court rejected the public guardian's argument the appeal was mooted by the voluntary revision of conservatorship pleading forms and the expiration of the petitioners' conservatorships. The court

---

[4] We expressly make no comment on the admissibility in future proceedings of any evidence from the pending appeal.

reasoned the petitioners' chronic mental disorders had already led to repeated involuntary commitment and conservatorship proceedings in which they had challenged the ongoing practices and policies, indicating a reasonable likelihood the alleged violations would continue to affect other proposed conservatees. (*Id*. at p. 175.) D.B.'s appeal does not allege any customary practice or policy and does not present an issue of broad public interest. In sum, D.B. has failed to identify an issue justifying the exercise of our discretion to decide a moot appeal on the merits.

## **DISPOSITION**

The appeal is dismissed as moot.