Filed 1/8/14  Cardona v. Sneddon CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOSE N. CARDONA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KELLY JEAN SNEDDON,<br><br>    Defendant and Appellant. | 2d Civil No. B246082<br>(Super. Ct. No. 56-2012-00420973-CU-HR-VTA)<br>(Ventura County) |

Kelly Jean Sneddon appeals from a temporary restraining order (TRO) and permanent restraining order entered against her in a civil harassment proceeding brought by Jose Cardona.  The TRO merged into the permanent restraining order, which expired by its own terms on February 7, 2013.  Because the order has been extinguished, no appellate relief can be granted.  Accordingly, we dismiss the appeal as moot.

FACTS AND PROCEDURAL BACKGROUND

Appellant was in a five-year domestic relationship with one of Cardona's employees, Christopher Drake.  After Drake moved out, appellant made more than 15 telephone calls over a two-day period to his place of employment and also to Cardona's wife.  Many of the calls were after midnight.  Appellant left messages stating that she was trying to get in touch with Drake, that he was a bad person and that she was going to report Cardona to the labor board and the Department of Transportation for illegal

business practices. Cardona fired Drake as a result of the telephone calls, but reinstated him after Drake filed a request for a domestic violence restraining order against appellant.

Cardona sought a civil harassment restraining order under Code of Civil Procedure section 527.6 to prevent appellant from harassing him, his wife and adult son. Although appellant stopped calling Cardona after a couple of days, his son saw her near the business premises a few days later. Appellant also contacted the labor board and Department of Transportation to complain about Cardona's business practices. Cardona alleged that appellant was "a very disturbed person," and that his wife could not deal with the harassment due to her serious medical issues. Appellant vigorously disputed the allegations. The trial court granted Cardona's request for a TRO and set the matter for a contested hearing.

Appellant was extremely emotional and distraught throughout the proceedings, particularly when Drake was involved. Observing that "normally, these hearings don't get this ballistic," the trial court expressed concern about appellant's mental state. It noted that during one of the earlier hearings, appellant "was very, very emotional, and honestly, I had some real concerns about her mental stability. She didn't handle the situation very well."

The trial court found that appellant had not called Cardona since the original two-day incident, but stated that may have been due, in part, to the TRO. Given its perception of appellant's mental state, the court extended the injunction by issuing a permanent restraining order that expired three months later, on February 7, 2013.[1] The court remarked: "That will be nine months total. And for me, that should be sufficient for everybody to take a step back." This appeal followed.

DISCUSSION

Appellant's opening brief seeks reversal of both the TRO and permanent restraining order. The TRO merged into the subsequently issued restraining order; thus, the appeal lies solely from that order. (See *Scovill Mfg. Co. v. Skaggs Etc. Drug Stores*

---

[1] In the absence of a specified expiration date, a permanent restraining order expires three years from the date of issuance. (Code Civ. Proc., § 527.6, subd. (j)(2).)

2

(1955) 45 Cal.2d 881, 883; *Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 520.) It is undisputed the final restraining order expired by its own terms on February 7, 2013. As a general rule, an appeal is moot when any ruling by this court "can have no practical effect [nor can it] provide the parties with effective relief." (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454.) "'It is well settled that an appellate court will decide only actual controversies and that a live appeal may be rendered moot by events occurring after the notice of appeal was filed. We will not render opinions on moot questions . . . .'" (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866.)

At our request, appellant filed a letter brief addressing why the appeal should not be dismissed as moot.[2] She asserts the appeal is not moot because the history of the TRO and permanent restraining order will remain accessible in the California Law Enforcement Telecommunications System and, as a result, could negatively impact future employment prospects or legal proceedings. The case she relies upon, however, is distinguishable. In *In re Cassandra B.* (2004) 125 Cal.App.4th 199, the mother in a child dependency proceeding challenged an expired restraining order issued under Welfare and Institutions Code section 213.5, subdivision (a), prohibiting her from contacting her child or the child's caretakers. The Court of Appeal held the issue was not moot because, under Welfare and Institutions Code section 213.5, subdivision (j)(2) (formerly subd. (k)(2)), "[t]he existence of the prior restraining order *must* be considered by the juvenile court in any proceeding to issue another restraining order against [the] mother. This consequence of the restraining order leaves unresolved a material question affecting the parties . . . ." (*Cassandra B.*, at pp. 209-210, fn. omitted, italics added.)

No such unresolved material question exists here. The restraining order was not issued under the Welfare and Institutions Code, and appellant cites no authority suggesting that the speculative potential implications of an expired civil harassment restraining order compel review of a moot appeal. While clearing one's name can serve

---

[2] Cardona did not file a respondent's brief or appear in this appeal.

3

as an exception permitting review of a moot appeal in the criminal context (see *People v. Delong* (2002) 101 Cal.App.4th 482, 486-492), it does not provide a basis for review of a moot civil case. (Compare 6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Appeal, § 187, p. 472 ["The fact that a convicted defendant has served his or her term of imprisonment does not make the appeal moot, for a defendant is entitled to clear his or her name"] with 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, §§ 757-760, pp. 824-834 [discussing reasons for denying dismissal based on mootness in civil actions].)

Alternatively, appellant contends we should exercise our discretion to decide a moot civil appeal involving a matter of broad public interest that is likely to recur. (*Steiner v. Superior Court* (2013) 220 Cal.App.4th 1479, 1485; *Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1088.) She claims the appeal raises important legal issues regarding the procedures used to obtain a restraining order under Code of Civil Procedure section 527.6. We disagree. As framed in the opening brief, the issues involve whether substantial evidence supports the TRO and restraining order, whether the trial court abused its discretion by admitting certain hearsay evidence and whether the court was biased against appellant. These issues are sui generis and do not implicate questions of broad public interest. We have no basis, therefore, to hear this otherwise moot appeal.

DISPOSITION

The appeal is dismissed as moot. Appellant's requests for attorney fees and costs on appeal are denied.

NOT TO BE PUBLISHED.


                                        PERREN, J.
We concur:


    GILBERT, P. J.


    YEGAN, J.

4

Rocky Baio, Commissioner

Superior Court County of Ventura

_____

Law Offices of Joanne Willis Newton, Joanne D. Willis Newton for Appellant.

No appearance for Respondent.