Filed 11/3/14 P. v. Boyer CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDRE PIERRE BOYER,<br><br>    Defendant and Appellant. | B255335<br><br>(Los Angeles County<br>Super. Ct. No. PA075864) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lloyd M. Nash, Judge. Dismissed.

California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Yun K. Lee and Corey J. Robins, Deputy Attorneys General, for Plaintiff and Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*

In October 2012, Andre Pierre Boyer was convicted of sexual battery, requiring him to register as a sex offender. In this case, he was charged with one count of failing to register (Pen. Code, § 290, subd. (b))[1] and one count of disobeying a court order (§ 166, subd. (a)(4)). He pled no contest to the counts and was sentenced to 16 months in state prison. He claims a component of his plea was that the trial court would delay his sentencing long enough for him to accumulate enough presentence credits to avoid actually physically serving any time in state prison. Although the trial court did so, he was sent to a state prison for what appears to be an overnight stay for processing and he has since been released. He argues that was a breach of his plea agreement. Because he has been released and we can grant no effective relief to him, we dismiss the appeal as moot.

On November 20, 2013, appellant pled no contest to both counts "open . . . to the court over the People's objections." The trial court indicated it planned to sentence him to 16 months in state prison, but because appellant's primary concern in pleading no contest was to avoid actually serving any time in state prison, the court continued the sentencing to March 17, 2014. On that date, appellant was indeed sentenced to the low term of 16 months on count one, with 442 days of custody and conduct credit (221 days of actual custody and 221 days for good time/work time), and a concurrent term of 180 days in county jail on count two, with the same number of custody and conduct credits. At the conclusion of that hearing, the trial court said, "Okay. They will turn you around. Good luck to you, sir." According to the court's sentencing minute order, the court remanded appellant to "state prison" and directed that appellant be transported to the Department of Corrections and Rehabilitation "for a forthwith commitment."

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

Judgment was entered on April 2, 2014, and appellant filed a notice of appeal challenging "the sentence or other matters occurring after the plea." He did not obtain a certificate of probable cause.[2]

According to a one-page document from the Los Angeles County Sheriff's Department Inmate Information Center we have judicially noticed, appellant was assigned to a "housing location" at Wasco State Prison on April 23, 2014, at the time of "2322" (presumably military time for 11:22 p.m.) and released the next morning, April 24, 2014, at the time of "0956" (again, presumably military time for 9:56 a.m.). The document indicates his sentence imposed on March 17, 2014, was for "0" days. Appellant does not contend he spent any more than this single night in state prison.

Generally, when no effective relief can be granted to an appellant, his or her appeal is moot and will be dismissed. (*People v. Travis* (2006) 139 Cal.App.4th 1271, 1280.) Appellant contends his brief 10-hour stay at Wasco State Prison breached the plea agreement not to spend any time in state prison and the appropriate relief is to allow him to withdraw his no contest plea. But allowing him to withdraw his no contest plea would not remedy the alleged breach because he still will have stayed in state prison for one night. To the contrary, if he withdraws his plea, he will almost certainly be subject to renewed prosecution with as real the prospect of prison time, given the plea deal he received from the trial court was over the prosecution's objections.

Moreover, the traditional rule is that if a defendant has already served his or her sentence, the appeal is moot and the defendant is precluded from attacking either the sentence or the conviction. (*People v. Delong* (2002) 101 Cal.App.4th 482, 487.) There are exceptions, such as when the sentence may have "'disadvantageous collateral consequences'" (*People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368-1369) or the defendant has an interest in "*clearing his name*" (*Delong, supra*, at p. 487), but those

---

[2]     Appellant's notice of appeal was filed after the trial court announced his sentence on March 17, 2014, but one day before judgment was entered on April 2, 2014. We nevertheless treat it as timely. (Cal. Rules of Court, rule 8.308(c).)

exceptions do not apply here.  The plea agreement already included a state prison sentence -- with its attendant stigma and collateral consequences -- and appellant has identified no *additional* collateral consequences or stigma attached to actually staying in state prison for one night.  He has also given no indication he will spend any more time in state prison on this conviction absent a change in circumstances.

## DISPOSITION

Appellant's appeal is dismissed.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.

RUBIN, J.

4