Filed 5/4/21  Menefee Construction v. Calmat Co. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MENEFEE CONSTRUCTION et al., <br><br> Plaintiffs, Cross-defendants and Respondents, <br><br> v. <br><br> CALMAT COMPANY et al., <br><br> Defendants, Cross-complainants and Appellants. | F076966 <br><br> (Super. Ct. No. 11CECG01702) <br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi Culver Kapetan, Judge.

Haight Brown & Bonesteel, William O. Martin, Jr., Vangi M. Johnson, for Defendants, Cross-complainants and Appellants.

Baker Manock & Jensen, Jerry H. Mann, Daniel C. Stein, for Plaintiffs, Cross-defendants and Respondents.

-ooOoo-

This matter arises from an underlying trial involving fraud claims brought by Menefee Construction, Western Surety Company, Jerry Menefee, Douglas Menefee, and Rodney Menefee (collectively, Menefee) against Calmat Co., dba Vulcan Materials Company – Western Division (Vulcan), and a cross-complaint filed by Vulcan against Menefee. Here, Vulcan appeals from the superior court's rulings on its motion for attorney's fees and other costs and Menefee's motion to tax costs, following the conclusion of the underlying trial.

The underlying case arose from two public works asphalt concrete (AC) paving projects, namely the Overlays Project and the Academy Project, that Menefee performed for Fresno County, in 2009 and 2010, respectively. Vulcan supplied the AC for both projects to Menefee. The matter proceeded to trial on a third amended complaint (complaint) filed by Menefee against Vulcan, and on a cross-complaint filed by Vulcan against Menefee. The only claim at issue in Menefee's complaint, for purposes of trial, was fraud based on intentional misrepresentations as to both projects. Vulcan's cross-complaint concerned the Academy Project only and was essentially a breach of contract action seeking payment for AC it had supplied to Menefee for this project. The superior court entered judgment, on Menefee's complaint, in favor of Vulcan and against Menefee. On Vulcan's cross-complaint, the superior court also entered judgment in favor of Vulcan and against Menefee.

Vulcan's cross-complaint claims were based, in part, on a 2005 credit agreement between Menefee Construction and Vulcan, pursuant to which Vulcan supplied AC for both the Overlays and Academy Projects to Menefee. The credit agreement provided for recovery of attorney's fees and certain costs in the event of a dispute between the parties related to the credit agreement. Vulcan's claims in its cross-complaint represented a dispute in which Vulcan sought payment, pursuant to the credit agreement, for AC supplied to Menefee for the Academy Project.

2.

After judgment was entered in favor of Vulcan on its cross-complaint, Vulcan brought a motion for attorney's fees and other costs based primarily on the provisions in the credit agreement that provided for recovery of attorney's fees and certain costs. Specifically, the credit agreement provided, in relevant part: "Applicant [Menefee Construction] agrees to immediately pay Vulcan on demand any and all court costs, actual attorney's fees, recordings fees, cost for title, reports and all other costs, expenses or charges incurred by Vulcan in enforcing the terms of this Agreement, collecting or attempting to collect money from Applicant, or enforcing or defending or prosecuting any claim against bonding companies, or disbursing officers, or claims based on mechanics liens, stop notices, or payment bonds." The credit agreement further provided: "If Vulcan opens a credit account for Applicant, payment for all Applicant's purchases shall be due 30 days from date of invoice."

Vulcan's motion sought attorney's fees and costs incurred by Vulcan in defending against Menefee's fraud claims and in prosecuting its cross-complaint for breach of contract. The superior court agreed that Vulcan was entitled to attorney's fees and certain costs as the *prevailing party on its cross-complaint*. In its statement of decision on the issue, the court noted: "Vulcan contends that the attorneys' fee provision [in the credit agreement] is broad enough to encompass Menefee's tort claims as well as the parties' contract claims." The court ultimately agreed with Vulcan, in light of Civil Code section 1717, subdivision (a), and *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129 (*Reynolds*).

The court's statement of decision set forth the substance of Civil Code section 1717, subdivision (a), as follows: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in

3.

addition to other costs." The court's statement of decision also quoted *Reynolds*, *supra*, 25 Cal.3d at p. 129, as follows: " 'Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [Civil Code] section 1717 only as they relate to the contract action.' [*Reynolds*, *supra*, at p. 129.] But '[a]ttorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed.' (*Id*. at pp. 129-130.)"

The court ruled that Menefee's third amended complaint was " 'intertwined' " with Vulcan's cross-complaint. The court further ruled that Vulcan's claims in its cross-complaint and Menefee's affirmative defenses were also "intertwined." The court therefore concluded that "all of Vulcan's attorneys' fees are 'on the contract' and recoverable."

The court then proceeded to rule on Vulcan's motion for attorney's fees and costs, as well as a motion to tax Vulcan's costs filed by Menefee. The court denied attorney's fees from two predecessor law firms, in the amount of $237,143.50, incurred by Vulcan, on grounds that the invoices from the predecessor firms were not properly authenticated. The court also taxed Vulcan's expert witness costs in the amount of $179,254.03, on grounds the credit agreement did not encompass reimbursement of expert costs. The court denied Vulcan's subsequent motion, pursuant to Code of Civil Procedure section 473, subdivision (b), to set aside the order on the attorney's fee award (i.e., the part of the order denying the attorney's fees from Vulcan's predecessor law firms). In this appeal, Vulcan challenges the court's rulings as to attorney's fees from the predecessor law firms and expert witness costs.

Prior to the filing of this appeal, Menefee had appealed from the underlying judgments on its third amended complaint and on Vulcan's cross-complaint. We decided Menefee's appeal from the underlying judgments in a separate opinion issued on the

4.

same day as this one.  Our opinion in Menefee's appeal from the underlying proceedings reverses the judgment as to Vulcan's cross-complaint and remands that matter for further proceedings.  The reversal of the judgment on Vulcan's cross-complaint moots the instant appeal.

Accordingly, the instant appeal is dismissed as moot.  (*People v. DeLong* (2002) 101 Cal.App.4th 482, 486 [as a general rule, appellate review is limited to actual controversies; a case that involves " 'only abstract or academic questions of law cannot be maintained' "]; *In re Dani R.* (2001) 89 Cal.App.4th 402, 404 [" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.' "]; *Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541 [if no effectual relief can be granted, an appeal will be dismissed as moot]; *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 ["An appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief."].)

## DISPOSITION

The appeal is dismissed as moot.


SMITH, Acting P.J.

WE CONCUR:



MEEHAN, J.



DE SANTOS, J.

5.