Filed 6/24/21  P. v. Pearson CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>ADAM PEARSON,<br><br>Defendant and Respondent. | A159999<br><br>(Mendocino County Super. Ct. No. SCUK-CRCR-19-32568-001) |

In this People's appeal, the Mendocino County District Attorney contends defendant Adam Pearson received an unauthorized sentence because the trial court found him eligible to serve his prison commitment in county jail despite a prior felony conviction that mandated he serve his sentence in state prison.  Because defendant has been released from custody, the appeal is moot.  We therefore dismiss it.

## BACKGROUND

By information dated October 3, 2019, defendant was charged with felony vandalism and misdemeanor battery.[1]  The vandalism charge was accompanied by two special allegations:  (1) defendant suffered a prior strike

---

[1] The facts underlying the charges are irrelevant to the issue on appeal.

within the meaning of Penal Code sections 1170.12 and 667, and (2) he served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

After defendant pleaded not guilty on both counts and denied all special allegations, defense counsel advised the trial court that "the strike allegation is really driving the bus here" and she had reason to believe defendant's prior felony was in fact not a strike. Accordingly, she requested that the court bifurcate trial on the strike allegation and hold a bench trial on that allegation before trial on the substantive offenses.

The prosecutor and court were amenable to this arrangement, so on December 9, 2019 a bench trial on the strike allegation was held before the Honorable John Behnke. Judge Behnke found the People had not met their burden of proving the strike beyond a reasonable doubt and thus found the strike allegation not true.

On January 2, 2020, defendant entered an open plea of no contest to the vandalism and battery charges, with the Honorable Carly Dolan presiding over the plea hearing. At the hearing, a question arose regarding defendant's eligibility to serve his sentence in county jail. As would develop in subsequent briefing and in argument at defendant's sentencing hearing, the issue was whether Judge Behnke's finding that the prosecutor did not prove beyond a reasonable doubt that defendant's prior felony was a strike within the meaning of the Three Strikes law collaterally estopped the prosecutor from showing at sentencing that defendant's prior felony conviction was a serious or violent felony that, pursuant to Penal Code section 1170, subdivision (h)(3), precluded defendant from serving a local commitment. According to the prosecutor, *People v. Gallardo* (2017) 4 Cal.5th 120 limited what Judge Behnke could consider in making his

finding for Three Strikes purposes, but no such limitation existed with regard the nature of defendant's prior conviction for Penal Code section 1170, subdivision (h)(3) purposes. Defendant, on the other hand, contended that he was eligible for local prison because Judge Behnke previously found the prior strike allegation to be not true and the prosecutor was collaterally estopped from relitigating the issue.

Defendant came on for sentencing on February 28, 2020. Concluding that collateral estoppel barred her from reconsidering whether defendant's prior felony conviction was a serious or violent felony, Judge Dolan sentenced defendant to the two-year midterm on the vandalism charge and a consecutive six months on the battery charge, to be served in local prison with credit for time served.

On March 24, 2020, the People filed a notice of appeal.

This Court was recently advised that defendant was released from custody on June 12, 2021, which advice was confirmed at oral argument.

## DISCUSSION

As a general rule, appellate review is limited to an actual controversy. A case that involves " 'only abstract or academic questions of law cannot be maintained. [Citation.]' [Citation.] Moreover, ' "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' " (*People v. DeLong* (2002) 101 Cal.App.4th 482, 486.) "An appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief." (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479.)

The only issued raised by the People's appeal is where defendant should serve his time in custody.  Since he has already served that sentence, there is no longer a justiciable controversy.  The appeal is thus moot.

The People submit that the appeal "presents 'an issue of public interest that is likely to recur while evading appellate review,' " and on that basis ask us to decide the issue despite defendant's release from custody.  While we may, at our discretion, decide a moot issue that is likely to recur (*Sturgell v. Department of Fish & Wildlife* (2019) 43 Cal.App.5th 35, 46; *People v. Whaley* (2007) 152 Cal.App.4th 968, 979), we decline to exercise that discretion here.

The exception to the mootness rule generally turns on " 'the importance of the issue presented and the likelihood that it will recur.' " (*Sturgell v. Department of Fish & Wildlife*, *supra*, 43 Cal.App.5th at p. 46.)  While there are various articulations of when an appellate court may in its discretion decide a moot issue (*id*. at pp. 46–47), "the common thread running through the cases is that doing so is appropriate only if a ruling on the merits will affect future proceedings between the parties or will have some precedential consequence in future litigation generally." (*In re David B.* (2017) 12 Cal.App.5th 633, 654.)  We do not believe that to be the case here, as we understand the likelihood that this issue will recur to be minimal given the unique circumstances of this case.

## DISPOSITION

The appeal is dismissed as moot.

                              _____

                              Richman, Acting P. J.

WE CONCUR:

_____

Stewart, J.

_____

Miller, J.

A159999