Filed 5/19/22  Mason v. U.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| MEEKILE N. MASON et al., | C094593 |
| Plaintiffs and Respondents, | (Super. Ct. No. CVSM21-0001149) |
| v. | |
| U.M., | |
| Defendant and Appellant. | |

Appellant U.M. appeals from the superior court's order authorizing the State Department of State Hospitals to involuntarily administer medication to U.M. following his involuntary commitment to a mental health facility.  His appointed counsel has asked this court for an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  In the alternative, counsel asks this court to follow the procedures outlined in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529.  As counsel concedes, however, appellant is no longer being

1

detained at any psychiatric facility. Accordingly, and for the following reasons, we dismiss the appeal as moot.

## BACKGROUND

Appellant was admitted to the Sutter-Yuba Behavioral Health Psychiatric Facility in July 2021 on a hold under Welfare and Institutions Code section 5150. On July 7, 2021, Sutter-Yuba Behavioral Health Services filed a petition and declaration regarding capacity to refuse antipsychotic medication. The hearing was held on July 8, 2021. Both appellant and his treating psychiatrist, Meekile N. Mason, testified at the hearing. At the conclusion of the hearing, the judge signed an order determining that appellant lacked capacity to refuse antipsychotic medication and concluding that appellant was unaware of his situation, unable to understand the risks and benefits of treatment, and incapable of rational thought processes which would allow him to make an informed decision regarding treatment.

Appellant filed a timely notice of appeal, conceding that his appeal may be moot because he is no longer being detained.

## DISCUSSION

We appointed counsel to represent appellant on appeal. His counsel filed a brief summarizing the proceedings and stating that he found no arguable issues but nevertheless requesting that we independently review the record on appeal. Counsel notes our Supreme Court's decision in *Conservatorship of Ben C., supra*, 40 Cal.4th at page 535, which held that the *Anders/Wende*[1] independent review procedures do not apply to civil commitments pursuant to the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.). Counsel advised appellant of his right to file a supplemental brief

---

[1] *Anders v. California* (1967) 386 U.S. 738 [181 L.Ed.2d 493].

within 30 days, and appellant has not done so. Counsel also noted that the matter may be moot because appellant is no longer being detained at any psychiatric facility.

As a general rule, appellate review is limited to actual controversies; a case that involves " 'only abstract or academic questions of law cannot be maintained. ' " (*People v. DeLong* (2002) 101 Cal.App.4th 482, 486.) " ' "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' " (*Ibid.*) In other words, "[a]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief." (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479.) Here, because appellant is no longer being detained in any psychiatric facility, resolving the issues presented would not confer any effective relief to the parties.

There are three discretionary exceptions to the rule against adjudicating moot claims. A reviewing court may decide an appeal on the merits "(1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination." (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga, supra*, 82 Cal.App.4th at pp. 479-480.) We decline to exercise discretionary review under the circumstances of this case, particularly where appellate counsel found no arguable error and appellant declined to file a supplemental brief. We will not presume that any errors related to the involuntary medication order that may have occurred in the past are likely to recur in the future if appellant is again detained. If he is detained on some future date and faces another petition to administer involuntary medication, the facts, treating physicians, medical facility, diagnoses, medications, and expert testimony may all be different and raise unique issues. Accordingly, we dismiss appellant's appeal as moot.

DISPOSITION

The appeal is dismissed.

                                                                    KRAUSE           , J.

We concur:

      ROBIE              , Acting P. J.

      HOCH               , J.