Filed 8/26/24  P. v. Washington CA3

NOT <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES WASHINGTON,<br><br>Defendant and Appellant. | C099387<br><br>(Super. Ct. No. 14F00282) |

Defendant James Washington's 22-year aggregate prison sentence for kidnapping and inflicting a corporal injury on his spouse included one year for a prior prison term enhancement.  Washington later filed a petition for resentencing under Penal Code section 1172.6,[1] and included a handwritten reference to section 1172.75 on the form petition without further elaboration.

---

[1]  Undesignated statutory references are to the Penal Code.

Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Although Washington filed his petition under former section 1170.95, we cite the current section number throughout this opinion.

1

The trial court denied the section 1172.6 petition at a prima facie hearing after finding Washington ineligible for relief as a matter of law because he was not convicted or charged with any qualifying offenses, including murder, attempted murder, or manslaughter.  The court did not address section 1172.75.

On appeal, Washington argues that the trial court should have considered resentencing him under section 1172.75.  In his reply brief, however, he acknowledges that the trial court has since resentenced him under section 1172.75, which may render his appeal moot.

We conclude the trial court did not err in denying Washington's resentencing petition under section 1172.6, and that his claim regarding section 1172.75 is moot.  We shall therefore affirm the order.

## BACKGROUND

The facts underlying Washington's convictions are not relevant to the issue he raises on appeal.  Briefly summarized, during an argument Washington physically assaulted his wife and then forced her from their home by pulling and dragging her outside and around their neighborhood against her will; he continued to hit his wife and threw her over a neighbor's fence.

A jury found Washington guilty of kidnapping (§ 207, subd. (a); count one) and inflicting a corporal injury on a spouse (§ 273.5, subd. (a); count three), and not guilty of making criminal threats (§ 422; count two).  In a subsequent proceeding, the trial court found that Washington had suffered a prior strike conviction for robbery (§§ 667, subds. (b)-(i), 1170.12) and had served a prior prison term for possession of methamphetamine for sale (§ 667.5, subd. (b)).  The court sentenced him to an aggregate upper term of 22 years in state prison, including one year for the prior prison term enhancement.

In December 2022, Washington filed a form petition for resentencing under section 1172.6 alleging, among other things, that he had been convicted of murder, attempted murder, or manslaughter following a trial and that he could not presently be

2

convicted of murder or attempted murder because of changes made to sections 188 and 189 effective January 1, 2019, under Senate Bill No. 1437 (2017-2018 Reg. Sess.). The petition contained several handwritten notations to "PC:1172.6-1172.75" without further discussion.

The People opposed the motion, arguing Washington failed to state a prima facie case for relief under section 1172.6 because he was not convicted of murder, attempted murder, or manslaughter and his convictions for kidnapping and inflicting corporal injury on a spouse were not qualifying offenses. They attached the amended information and the verdict forms. In reply, Washington argued the court should examine the court file to determine whether the jury convicted him on a covered theory under section 1172.6; the reply brief did not reference section 1172.75.

At a prima facie hearing in July 2023, the parties submitted on the briefs without further argument. The trial court denied the section 1172.6 petition, finding Washington ineligible for relief as a matter of law because his convictions did not qualify under the statute. The court did not address section 1172.75. Washington filed a notice of appeal with this court in September 2023. His opening brief was filed in January 2024, and this case was fully briefed on June 11, 2024.

DISCUSSION

Washington's notice of appeal states that he appeals the "[d]enial of resentencing under [section] 1172.6." He, however, does not actually challenge the court's ruling on that basis. Nor could he. As the trial court properly recognized, the plain language of section 1172.6 does not apply to convictions for kidnapping or inflicting a corporal injury on a spouse. (See § 1172.6, subd. (a) ["[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder,

3

attempted murder, or manslaughter conviction vacated . . . ."].)

Washington instead argues the trial court should have considered resentencing him under section 1172.75 based on his handwritten notation to "section 1172.75," which he included without further argument or citation to authority on the form section 1172.6 petition. The People assert the trial court lacked jurisdiction to resentence Washington pursuant to section 1172.75 because that statute does not allow defendants to file resentencing petitions. In their view, the Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county must initiate the resentencing process under section 1172.75 by identifying those persons in their custody currently serving a term for a judgment that includes a prior prison term enhancement that no longer qualifies for enhanced punishment.

Effective January 1, 2020, the Legislature amended section 667.5, subdivision (b) to allow for imposition of the one-year prior prison term enhancement only for specified sexual offenses. (Stats. 2019, ch. 590, § 1.) In January 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483) added former section 1171.1 (Stats. 2021, ch. 728, § 3), now renumbered to section 1172.75 (Stats. 2022, ch. 58, § 12, eff. June 30, 2022), which provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) Senate Bill 483 established a procedure for recall and resentencing of judgments with invalid prior prison term enhancements. (§ 1172.75, subds. (b)-(e).)

We need not resolve the parties' dispute over section 1172.75's provisions because Washington concedes that while his appeal was pending the trial court resentenced him under the statute. The record confirms that the trial court issued a sentence recall and initiation of resentencing under Senate Bill 483 (section 1172.75), and in May 2024, conducted a full resentencing hearing where it not only struck Washington's one-year

4

prior prison term enhancement but also imposed the middle term, instead of the upper term, thereby reducing his aggregate prison sentence to 15 years.

Based on these subsequent events, we agree Washington's challenge to the trial court's failure to address section 1172.75 is moot. Given the trial court's May 2024 order resentencing Washington under section 1172.75, there is no effective relief that we could provide him beyond what the trial court has already provided. (*People v. DeLong* (2002) 101 Cal.App.4th 482, 486 [an action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events]; *In re N.S.* (2016) 245 Cal.App.4th 53, 58-59.) Having reached and decided another issue in this appeal, however, we will not dismiss the appeal. Instead, we proceed to disposition without reaching the merits of Washington's section 1172.75 challenge.

DISPOSITION

The order denying Washington's section 1172.6 petition is affirmed.

/s/

_____

BOULWARE EURIE, J.

We concur:

/s/

_____

HULL, Acting P. J.

/s/

_____

WISEMAN, J.*

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.