Filed 3/20/24  Zenith Ins. Co. v. Hettinga Transportation CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ZENITH INSURANCE COMPANY,<br><br>Intervenor and Appellant,<br><br>v.<br><br>HETTINGA TRANSPORTATION, INC.,<br><br>Defendant and Respondent. | F084214<br><br>(Super. Ct. No. VCU277573)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  David C. Mathias, Judge.

Chernow, Pine and Williams, Jeffrey J. Williams, for Intervener and Appellant Zenith Insurance Company.

Horton, Oberrecht & Kirkpatrick, Kimberly S. Oberrecht; Sagaser, Watkins & Wieland, William M. Woolman; Gordon & Polscer, Brian C. Hickman; and Giulia M. Williams, for Defendant and Respondent.

-ooOoo-

This matter is related to a prior appeal (*Gonzalez et al. v. Hettinga Transportation, Inc.* (Mar. 13, 2024, F083948) [nonpub. opn.].)  Both appeals arise from the same underlying facts and the same trial court case.

In 2017, and for several years before, Ricardo Gonzalez (Gonzalez) worked at AC Enterprises, a dairy operation in Tipton that was owned and run by Carl Brasil.  In the early morning hours of April 29, 2017, Gonzalez, as part of his job at the dairy, dislodged bales of hay from a haystack to feed the cows at the dairy.  The night before the accident, Hettinga Transportation, Inc. (Hettinga), a company based in Pixley, had delivered the hay by truck to the dairy; Hettinga employees had unloaded and stacked the hay upon delivery.  After Gonzalez downed a few bales of hay from the stack in order to process the hay and feed it to the cows, other haybales toppled onto him, grievously injuring him.

On February 28, 2019, Gonzalez and his wife, Hortencia Gonzalez (plaintiffs) filed the complaint initiating this matter against Hettinga, the defendant.  The complaint alleged two causes of action:  negligence and loss of consortium.  As to the negligence cause of action, the complaint alleged that on April 28, 2017, Hettinga delivered and negligently stacked haybales at AC Enterprises such that once Gonzalez subsequently dislodged bales of hay from the haystack to feed the dairy cows, other haybales fell on him and severely injured him.  The complaint also alleged a claim for loss of consortium on behalf of Gonzalez's wife, Hortencia Gonzalez.[1]

On August 8, 2019, AC Enterprises' worker's compensation insurer, Zenith Insurance Company (Zenith or intervenor), filed a complaint-in-intervention against Hettinga.  Zenith's complaint-in-intervention sought to recover from Hettinga—

---

[1]  As for remedies, with respect to the negligence claim, the complaint sought damages resulting from the accident, including damages for past and future medical expenses, wage loss, and impaired future earning capacity.  With regard to the loss of consortium claim, the complaint similarly sought monetary damages.

assertedly a potentially liable third party—worker's compensation benefits paid by Zenith on Gonzalez's claim after he was injured at work at AC Enterprises.

The case proceeded to jury trial on December 1, 2021, in the Tulare County Superior Court. When plaintiffs and intervenor rested after presenting their cases in chief (both of which proceeded concurrently), Hettinga moved for nonsuit on multiple grounds. The trial court granted the nonsuit motion, stating: "I'm going to grant the motion for nonsuit based on plaintiff's failure to, um, provide expert testimony on standard of care in this case." The trial court concluded: "So based on that decision – [¶ ] – judgment will be entered in favor of defendant in this case."

Thereafter, Hettinga filed a memorandum of costs requesting $214,451.94 in costs, including $141,929.61 in expert witness costs, and Zenith filed a motion to tax costs. After a hearing on the motions, the trial court taxed Hettinga's costs in the amount of $43,435.11, and allowed costs in the amount of $171,016.86, including $98,494.50 for expert costs. Hettinga was awarded $98,494.50 in expert costs under Code of Civil Procedure section 998, based on Hettinga's pretrial settlement offers to plaintiffs and intervenor (plaintiffs and intervenor rejected the settlement offers) and the fact that Hettinga became the prevailing party upon entry of the nonsuit judgment in its favor.

In *Gonzalez et al. v. Hettinga Transportation, Inc.*, the prior, related appeal, plaintiffs and intervenor challenged the judgment of nonsuit entered in the trial court. In an opinion issued on March 13, 2024, we reversed the judgment of nonsuit and remanded the matter for a new trial. (*Gonzalez et al. v. Hettinga Transportation, Inc.*, *supra*, F083948.)

In the instant appeal, intervenor challenges the trial court's award of $98,494.50 in expert costs to Hettinga. However, intervenor's instant appeal has been rendered moot by the reversal of the nonsuit judgment in *Gonzalez et al. v. Hettinga Transportation, Inc.*, *supra*, F083948. Accordingly, the instant appeal is dismissed as moot. (*People v. DeLong* (2002) 101 Cal.App.4th 482, 486 [as a general rule, appellate review is limited to

3.

actual controversies; a case that involves " 'only abstract or academic questions of law cannot be maintained' "]; *In re Dani R.* (2001) 89 Cal.App.4th 402, 404 [" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.' "]; *Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541 [if no effectual relief can be granted, an appeal will be dismissed as moot]; *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 ["An appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief."].)

## DISPOSITION

The appeal is dismissed as moot.  Each party to bear its own costs.


SMITH, J.

WE CONCUR:


POOCHIGIAN, Acting P. J.


DE SANTOS, J.

4.