Filed 10/17/25  P.D. v. Villanueva CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| P.D.,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>NICK VILLANUEVA,<br><br>        Defendant and Appellant. | A171726<br><br>(San Mateo County Super. Ct. No. 24-CIV-01014) |

Nick Villanueva challenges a civil harassment restraining order (restraining order) issued pursuant to Code of Civil Procedure section 527.6[1] protecting plaintiff P.D.[2]  He contends that the restraining order must be reversed because the record establishes, at most, only a single instance of harassment that is unlikely to recur.  Because the order expired by its own terms on

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

[2] P.D. did not file a respondent's brief.  Her failure to do so, however, is not treated as a "default" or "an admission of error."  (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203.)  Rather, if the respondent does not file a respondent's brief, "the court may decide the appeal on the record, the opening brief, and any oral argument by the appellant."  (Cal. Rules of Court, rule 8.220(a)(2).)

February 11, 2025, we asked Villanueva to submit supplemental briefing addressing whether the appeal is moot. Having considered his supplemental brief, we conclude that no effective appellate relief can be granted and that no exception to the mootness doctrine applies. Accordingly, we dismiss the appeal as moot.

## BACKGROUND

On February 22, 2024, P.D. filed her request for a restraining order in San Mateo Superior Court. Her request states that on February 18, she woke up to find Villanueva sexually assaulting her. When she realized what was happening, she told him to get out and pushed him out of her house. Her request indicates that she reported the incident to the police and that the police gave her an emergency protective order at that time. The request also indicates that a criminal case was filed based on the incident but does not indicate whether a protective or restraining order had been issued in that case. Finally, her request acknowledges that no other harassment had occurred but states that she was requesting a civil restraining order because she did not feel safe.

The court issued a temporary restraining order and set the matter for hearing on March 12, 2024. The hearing was continued several times, however, ultimately taking place on August 22, 2024.

At the hearing, P.D. testified briefly to the details of the alleged sexual assault. She conceded that Villanueva had not attempted to contact her after his arrest but explained that she

was worried he would "approach again or talk to [her] again" and she didn't want to "take any chances." The court confirmed, based on its review of the criminal case file, that a criminal protective order had not been issued in that case.

The court issued the restraining order, finding that the incident amounted to harassment and that the pending criminal charges "create a reasonable inference that the harassment could continue." The court explained, "I believe there is reason to believe that harassment would continue based on the fact that there's a criminal case between the parties and no—and no [criminal protective order] in that case. [¶] In other words, because there is criminal allegations . . . having somebody contact her related to this incident is more likely given the fact there's no [criminal protective order] in the other case. [¶] In other words, the grounds for him to continue harassment is greater given there's no [criminal protective order] in the other case preventing all the stuff that we would normally have preventing in the other case because that's sort of like—there's not the protection there that we would normally have pending the resolution of the criminal case either guilty or innocent."

As noted, the six-month restraining order expired in February 2025.

## DISCUSSION

An appeal from a civil restraining order entered under section 527.6 is generally rendered moot when it is extinguished by its own terms prior to issuance of an appellate decision. (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495; *San Diego*

3

*Police Dept. v. Geoffrey S.* (2022) 86 Cal.App.5th 550, 564 ["Ordinarily, an appeal from an expired restraining order is moot because the appellate court cannot grant any effective relief from an expired order"].) While Villanueva's notice of appeal was filed in September 2024, prior to expiration of the order, the record on appeal was not completed until March 2025 and his opening brief was not filed until May 2025. Because the order has now expired on its own terms and Villanueva did not address mootness in his opening brief, we requested that he file a supplemental brief addressing whether this appeal is moot and if so, whether there is any applicable exception that warrants the court's exercise of discretion to consider the argument raised in his opening brief.

In his supplemental brief, Villanueva contends that this court should review the appeal on the merits notwithstanding the expiration of the restraining order. He argues that although the order has technically expired, the appeal is not moot because the collateral consequences of the order to his reputation and to the criminal proceedings are "ongoing and concrete." He also argues that we should exercise our discretion to decide the case despite its mootness because it involves a question of general public interest that is likely to recur but evade review.

We disagree with Villanueva's argument that the appeal is not moot. While an expired restraining order is not moot if it could have "collateral consequences" in the future, Villanueva has made no such showing here. (See *San Diego Police Dept. v. Geoffrey S.*, *supra*, 86 Cal.App.5th at p. 564 [appeal from expired gun violence restraining order not moot where appellant "asserts

4

that as a result of the restraining order, he faces an investigation by the Ohio State Bar where he is currently licensed and in good standing" and because "he will now be listed in a database alerting law enforcement he is a potential threat"].) Villanueva asserts that "the wrongful issuance of such an order creates a risk of adverse use in the related criminal matter, where the prosecution could cite the civil order as evidence of wrongdoing." He has not explained, however, on what basis the restraining order might be admissible in the criminal proceedings to prove wrongdoing.

In addition, while clearing one's name can provide a basis for concluding in a *criminal* context that an appeal is not moot (see *People v. DeLong* (2002) 101 Cal.App.4th 482, 492 [appeal from criminal conviction is not moot because "to the extent the conviction continues to exist" defendant "continue[s] to suffer a besmirched name and the stigma of criminality" and "disadvantageous and prejudicial collateral consequences"]), Villanueva cites no authority suggesting that the "reputational stigma" of a civil harassment restraining order alone provides a basis for review of an otherwise moot civil case.

We are also unpersuaded by Villanueva's argument that we should exercise our discretion to consider this moot appeal on the merits. Villaneuva contends that his appeal presents an issue of broad public interest that is likely to recur but evade review. (See *San Diego Police Dept. v. Geoffrey S.*, *supra*, 86 Cal.App.5th at p. 564 ["an appellate court may exercise its discretion to hear a moot case where it presents an issue of broad public interest that

5

is likely to recur"].) In his opening brief, Villaneuva suggested that the trial court "issued the restraining order *solely* because a criminal protective order had not yet been issued in a related pending matter." (Italics added.) He argued that the court's "rationale is legally improper" because "[c]ivil injunctive relief under section 527.6 cannot serve as a placeholder for anticipated criminal proceedings" and "[i]njunctions may not be issued as punishment for past acts or used to substitute for criminal remedies." In his supplemental brief, Villanueva argues summarily that the legal issue presented here—the propriety of issuing a civil harassment restraining order based on the absence of a criminal protective order—is a question of public interest that is likely to recur and that this case illustrates that a six-month restraining order may often evade appellate review by expiring before the appeal is decided.

Without endorsing Villanueva's characterization of the trial court's ruling, we do not find he has shown that the question is of broad public concern and likely to recur. The record suggests that the circumstances confronted by the trial court were highly unusual. At the hearing, the judge observed that it is beyond debate that a protective order should have been issued in the criminal case and defense counsel believed that, contrary to the file before the court, a protective order had been issued. Indeed, defense counsel noted that "[i]t would be absolutely unbelievable to me that a [criminal protective order] was not issued. I think we can all agree that just doesn't make sense given the nature of the case."

Accordingly, we dismiss the appeal as moot.

## DISPOSITION

The appeal is dismissed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
CLAY, J.*

---

*Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.