Filed 3/19/26  W.R. v. G.B. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| W.R., | C103758 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CV01280) |
| v. | |
| G.B., | |
| Defendant and Appellant. | |

Appellant G.B. appeals from an order denying his request to terminate a civil harassment restraining order entered against him.  Because the restraining order expired by its terms on May 13, 2025, no appellate relief can be granted.  We therefore dismiss the appeal as moot.

BACKGROUND

At the outset, we note that the record before us consists of only a short clerk's transcript as well as several minute orders and motions with which the record was augmented at G.B.'s request.  It does not include a reporter's transcript of the relevant oral proceedings or a suitable substitute.  (See Cal. Rules of Court, rule 8.120(b).)  The

sparse record before us indicates that, on May 3, 2024, a proof of personal service was filed with the trial court indicating that G.B. had been served with a copy of a temporary restraining order and a notice of a court hearing. On May 13, 2024, according to a minute order, the court held a hearing on a request for a restraining order. G.B. was not present. The court granted respondent W.R.'s request for a civil harassment restraining order and set the restraining order to expire on May 13, 2025.

On January 17, 2025, G.B. filed a "motion to convict plaintiff of com[m]itting perjury in court and to dismiss TRO after the fact," in which he argued, among other things, that the proof of service filed with the trial court was fraudulent. (Capitalization omitted.) On March 24, 2025, the trial court held a hearing on G.B.'s request to terminate the civil harassment restraining order. The matter was continued because W.R.'s witness was experiencing health issues. On April 15, 2025, G.B. filed a motion to compel W.R. to provide contact information for the process server.

On May 8, 2025, according to a minute order, G.B. was not present when the trial court first called the matter, and the court denied the request to terminate the restraining order and the motion to compel without prejudice. After G.B. arrived, the court recalled the matter and vacated the denials. W.R. and G.B. were sworn in and testified. The process server was sworn in and testified by telephone. The matter was submitted, and the court denied the request to terminate the restraining order and the motion to compel with prejudice.

G.B. appealed. After this matter became fully briefed in November 2025, we gave the parties the opportunity to submit supplemental briefing addressing the reasons, if any, we should not dismiss the appeal as moot in light of the restraining order's May 2025 expiration date. G.B. filed a brief opposing dismissal.

## DISCUSSION

As a general rule, an appeal becomes moot when the occurrence of an event makes it impossible for an appellate court to grant any effective relief. (*Newsom v. Superior*

2

*Court* (2021) 63 Cal.App.5th 1099, 1109.)  "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot.  [Citation.]  However, 'there are three discretionary exceptions to the rules regarding mootness:  (1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination [citation]."  (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.)

We conclude that the present appeal is moot and decline to exercise our discretion to consider it.  The restraining order that is the subject of this appeal expired, by its own terms, on May 13, 2025, nearly four months before G.B. filed his opening brief on September 2, 2025.  Nothing in the record suggests that the exceptions to the general rule of mootness apply, and we are unpersuaded by G.B.'s arguments for why this appeal remains live.  He argues that dismissal of his appeal would allow unlawful behavior and abuse of the judicial system to continue, that he was denied the right to a fair trial, and that the expired restraining order is on his "permanent record," resulting in "judicial insecurity" and reputational harm.  Although reputational harm may be sufficient to overcome mootness in the context of a criminal proceeding (see *People v. Delong* (2002) 101 Cal.App.4th 482, 484, 492), G.B. fails to cite any legal authority extending that principle to the context of an expired civil restraining order.  And even if reputational consequences could, in some cases, suffice to show a live controversy over a terminated restraining order, the record before us contains no evidence that such harm has occurred, or is likely to occur, here.  Accordingly, the issues raised in this appeal have been rendered moot, and we will dismiss the appeal.  (See *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479

3

["[a]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief"].)

DISPOSITION

The appeal is dismissed.


_____/s/_____
FEINBERG, J.

We concur:


_____/s/_____
RENNER, Acting P. J.


_____/s/_____
BOULWARE EURIE, J.

4